I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington

By Consuelo O. Ledesma
Deputy Clerk

The Honorable Thomas S. Zilly

07-CV-01017-FINAFF

ENTERED
LODGED
RECEIVED

SEP 28 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM STANFORD, JR., individually and on behalf of all other similarly situated persons and on behalf of the FOAMEX L.P. SAVINGS PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>FOAMEX L.P.; FOAMEX L.P. BENEFITS COMMITTEE; FIDELITY MANAGEMENT TRUST CO.; and UNKNOWN FIDUCIARY DEFENDANTS 1-100,<br><br>Defendants. | Case No. C07-1017 TSZ<br><br>ORDER GRANTING MOTION BY FOAMEX L.P. AND FOAMEX L.P. BENEFITS COMMITTEE TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) |

The Court having considered the **unopposed** motion by Foamex L.P. and the Foamex L.P. Benefits Committee to transfer venue to the Eastern District of Pennsylvania, **and** supporting exhibits, ~~and any opposition thereto~~, it is hereby ORDERED that Foamex L.P. and Foamex L.P. Benefits Committee's Motion is granted. The Court hereby TRANSFERS this action to the Eastern District of Pennsylvania.

DATED this 28th day of September, 2007.

Thomas S. Zilly
United States District Court Judge

[PROPD] ORDER RE MOT. TO TRANSFER VENUE -- PAGE 1
Case No. C07-1017 TSZ

MORGAN, LEWIS & BOCKIUS, LLP
1701 MARKET STREET
PHILADELPHIA, PA 19103
TELEPHONE: (215) 963-5000
FACSIMILE: (215) 963-5001

CMR



FILED ——— ENTERED
LODGED ——— RECEIVED

JUL 03 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

07 4225

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| WILLIAM STANFORD, JR., individually and on behalf of all other similarly situated persons and on behalf of the FOAMEX L.P. SAVINGS PLAN,<br><br>Plaintiff,<br><br>v.<br><br>FOAMEX L.P.; FOAMEX L.P. BENEFITS COMMITTEE; FIDELITY MANAGEMENT TRUST CO.; and UNKNOWN FIDUCIARY DEFENDANTS 1-100,<br><br>Defendants. | NO. C 07-1017 TSZ<br><br>COMPLAINT – CLASS ACTION<br><br><br><br>07-CV-01017-CMP |

## A. NATURE OF ACTION

1. This is a civil enforcement action brought pursuant to section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.

2. This lawsuit is for breach of fiduciary duty concerning the 401(k) plan sponsored by Foamex L.P. ("Foamex"). It is brought pursuant to ERISA, the federal statute that comprehensively regulates such plans.

3. This lawsuit concerns the Foamex L.P. Savings Plan (the "Plan"), a retirement plan established as benefit for Foamex employees.

COMPLAINT—CLASS ACTION – 1

ORIGINAL

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

4.     Plaintiff William Stanford, Jr. is a current Foamex employee who is a participant in the Plan. Defendants are Foamex, the Foamex L.P. Benefits Committee (the "Committee"), Fidelity Management Trust Company ("Fidelity"), and various other persons who were responsible for managing the Plan or who exercised authority or control respecting management or disposition of the Plan's assets (the Plan's "fiduciaries").

5.     As a substantive matter, Plaintiff alleges, among other things, that these fiduciaries breached their fiduciary duties with respect to the investment of the Plan's holdings of stock of Foamex International, Inc., in the Foamex Stock Fund. As a procedural matter, Plaintiff seeks to bring the lawsuit to recover losses suffered by the Plan as a class action, that being one of the available procedural vehicles for a claim of this type. And, as a remedial matter, Plaintiff seeks, among other things, to have the breaching fiduciaries make good to the Plan the massive losses it suffered as a result of their breaches.

**B.  THE PLAN AND THE FOAMEX STOCK FUND**

6.     The Foamex L.P. Savings Plan is an "employee pension benefit plan" within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The Plan is an "individual account plan" within the meaning of ERISA § 3(32), 29 U.S.C. § 1002(32). The Plan is a profit sharing plan within the meaning of section 401(a)(27) of the Internal Revenue Code of 1986 (the "Code), 26 U.S.C. § 401(a)(27), and includes a "qualified cash or deferred arrangement" within the meaning of Code section 401(k), 26 U.S.C. § 401(k).

7.     ERISA requires that a plan be "established and maintained pursuant to a written instrument." ERISA § 402(a)(1), 29 U.S.C. § 1022(a)(1). The currently effective written instrument for the Plan is the Foamex L.P. Savings Plan, as amended and restated effective January 1, 2001, executed December 10, 2001 (the "2001 Plan

COMPLAINT—CLASS ACTION – 2

Document"), as amended by Amendment No. 1 to The Foamex L.P. Savings Plan, adopted December 10, 2002, by Amendment No. 2 to The Foamex L.P. Savings Plan, adopted March 24, 2004, by Revised Amendment No. 2 to The Foamex L.P. Savings Plan, adopted March 24, 2004, adopted May 20, 2004, by Amendment No. 3 to The Foamex L.P. Savings Plan, adopted September 20, 2004, and by Amendment No. 4 to The Foamex L.P. Savings Plan, adopted September 8, 2005.

8.  The 2001 Plan Document defines several terms relevant to this action. Section 1.26 defines "Employer Stock" as "the common stock of Foamex International, Inc." Section 1.32 defines the Foamex Stock Fund as

> a non-diversified stock fund that invests solely in Employer Stock. All such shares of Employer Stock to be held in the Foamex Stock Fund shall be acquired exclusively through purchases on the open market. Dividends, if any, shall be used, as soon as practicable, to purchase additional such shares of Employer stock.

9.  Under the 2001 Plan Document, and until its amendment by Amendment No. 4, Plan participants were permitted to direct the investment of the assets allocated to their individual accounts into the Foamex Stock Fund. In addition, Foamex made "Incentive Matching Contributions" that were invested into the Foamex Stock Fund.

### C. PARTIES

10.  Plaintiff William Stanford, Jr. is a resident of Mesquite, Texas. Plaintiff has been employed at Foamex since 1992. At all relevant times, he was a participant (as defined in ERISA § 3(7), 29 U.S.C. § 1002(7)) in the Plan. A portion of the assets in Mr. Stanford's individual account under the Plan was invested in the Foamex Stock Fund beginning in 1995 and through its liquidation on December 22, 2006. Plaintiff is authorized to bring this action by ERISA §§ 409(a) and 502(a)(2) and (3), 29

COMPLAINT—CLASS ACTION – 3
SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

U.S.C. § 1109 and 132(a)(2) and (3), which confer standing to bring breach of fiduciary duty claims on, among others, participants in an employee benefit plan.

11. Defendant Foamex L.P. is a limited partnership organized under the laws of Pennsylvania. Foamex is the Plan's "sponsor," within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B). On information and belief, Foamex exercised authority or control with respect to the management or disposition of the Plan's assets in the Foamex Stock Fund during the time when the breaches alleged herein occurred. Foamex was therefore a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) with respect to the disposition of the Plan's assets in the Foamex Stock Fund during the time when the breaches alleged herein occurred.

12. Defendant Foamex L.P. Benefits Committee (the "Committee") consists of members appointed by Foamex. Under the Plan's plan document, the Committee has complete authority to control and manage the operation and administration of the Plan. On information and belief, the Committee or individual defendant Committee member(s) exercised authority or control with respect to management or disposition of the Plan's assets in the Foamex Stock Fund during the time when the breaches alleged herein occurred. The Committee and its members were therefore fiduciaries of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) with respect to the disposition of the Plan's assets in the Foamex Stock Fund during the time when the breaches alleged herein occurred.

13. Defendant Fidelity Management Trust Co. ("Fidelity") is a corporation incorporated under the laws of the state of Massachusetts. At all relevant times Fidelity was the trustee of the trust that holds the assets of the Plan, including Plan assets invested in the Foamex Stock Fund. On information and belief, Fidelity exercised authority or control with respect to management or disposition of the Plan's assets in the

COMPLAINT—CLASS ACTION – 4

Foamex Stock Fund during the time when the breaches alleged herein occurred. Fidelity was a therefore a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), with respect to the disposition of the Plan's assets in the Foamex Stock Fund during the time when the breaches alleged herein occurred.

14. The Plan is a legal entity that can sue or be sued. ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1). However, in a breach of fiduciary duty action such as this, the Plan is neither a plaintiff nor a defendant. Rather, pursuant to ERISA § 409, 29 U.S.C. § 1109, the relief requested in this action is for the benefit of the Plan. Stated differently, in this action Plaintiff seeks to recover the losses suffered by the Plan at the Plan level.

### D. JURISDICTION AND VENUE

15. *Subject Matter Jurisdiction.* This is a civil enforcement action pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a). This Court has original, exclusive subject matter jurisdiction of this action pursuant to the specific jurisdictional statutes for claims of this type, ERISA § 502(e)-(f), 29 U.S.C. § 1132(e)-(f). This Court also subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1131.

16. *Personal Jurisdiction.* ERISA provides for nation-wide service of process, ERISA § 502(e)(2), 29 U.S.C. 5 1132(e)(2). All of the Defendants are residents of the United States and this Court therefore has personal jurisdiction over them.

17. *Venue.* Venue is proper in this District under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because defendant Foamex resides or may be found in this District.

### E. CLASS ACTION ALLEGATIONS

18. *Size and Definition of Class.* The class consists of Plan participants and beneficiaries whose individual accounts were invested in the Foamex

COMPLAINT—CLASS ACTION – 5

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

Stock Fund between July 19, 2005, and its liquidation on December 22, 2006 (the "Liquidation Date").

19. *Class Representative.* Named plaintiff William Stanford, Jr. has been a Plan participant at all times material to this action. A portion of his individual account was invested in the Foamex Stock Fund between July 19, 2005, and the Liquidation Date. His claims are typical of the claims of the other members of the class, and he will fairly and adequately represent the interests of the class.

20. *Size of Class.* The class of persons whose individual accounts were invested in the Foamex Stock Fund between July 19, 2005 and the Liquidation Date is expected to number in the hundreds and is so large that joinder of all members is impracticable.

21. *Common Questions of Law and Fact.* This action requires a determination of common questions of law and fact, which include: (a) whether the defendants were fiduciaries; (b) whether the defendants breached their fiduciary obligations to the Plan's participants and beneficiaries by causing or permitting the change in the holdings of the Foamex Stock Fund in a manner that conflicts with its definition in the Plan's plan document; (c) whether the defendants breached their fiduciary obligations with respect to transfers out of the Foamex Stock Fund in a manner that conflicts with the Plan's plan document; (d) whether the defendants breached their fiduciary obligations to the Plan's participants and beneficiaries by causing or permitting sale of the Foamex International, Inc., stock held in the Foamex Stock Fund when Foamex International, Inc., stock was at or near its historic low; (e) whether the defendants breached their fiduciary obligations to the Plan's participants and beneficiaries by enabling co-fiduciaries to commit violations of ERISA and, with knowledge of such breaches, failing to make reasonable efforts to remedy the breaches;

COMPLAINT—CLASS ACTION - 6

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

and (e) whether, as a result of the fiduciary breaches engaged in by the defendants, the Plan and its participants and beneficiaries suffered losses. Determination of these common questions will determine whether plaintiff and the class are entitled to recovery for these breaches, and related breaches, under ERISA.

22. *Foamex Has Acted On Grounds Generally Applicable to the Class.* Defendants' conduct affected all members of the class. All defendants therefore acted on grounds generally applicable to the class. Certification is therefore proper under CR 23(b)(2).

23. *Questions of Law and Fact Common to the Class Predominate Over Individual Issues.* Many of the claims of the individual class members are too small to justify filing and prosecuting the claims separately. Thus, any interest that individual members of the class may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism. Upon information and belief, there has been no class action suit filed against the defendants for the relief requested in this action. This action can be properly prosecuted as a class action in the Western District of Washington, where the Plan sponsor, Foamex L.P., resides and does business. Issues as to the defendants' conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the class. Certification is therefore additionally proper under CR 23(b)(3).

24. *Class Counsel.* Plaintiff has retained experienced and competent class counsel.

COMPLAINT—CLASS ACTION – 7

## F. FACTUAL BACKGROUND

25.  On September 8, 2005, the Committee adopted Amendment No. 4 to The Foamex L.P. Savings Plan, which, among other things, provided that effective July 20, 2005, a Plan participant could no longer

> direct new investments into, or transfer existing investments into or out of, the Foamex Stock Fund. All investments in the Foamex Stock Fund as of July 19, 2005 shall remain in the Foamex Stock Fund until moved into an alternative investment fund or distributed according to the terms of the Plan.

26.  The definition of the Foamex Stock Fund as "a non-diversified stock fund that invests solely in Employer stock" was not amended by Amendment No. 4 to The Foamex L.P. Savings Plan.

27.  On information and belief, prior to July 19, 2005, the Foamex Stock Fund was comprised of about 95 percent Foamex International, Inc., stock and 5 percent cash.

28.  On information and belief, in September 2005, Fidelity, at the direction of Foamex, sold Foamex International, Inc., stock from the Foamex Stock Fund to increase the cash holdings of the Foamex Stock Fund to 20 percent.

29.  On information and belief, in early January 2006, Fidelity, at the direction of Foamex, sold Foamex International, Inc., stock from the Foamex Stock Fund to increase the cash holding of the Foamex Stock Fund to 50 percent.

30.  On information and belief, by January 30, 2006, Fidelity, at the direction of Foamex, sold the rest of the Foamex International, Inc., stock in the Foamex Stock Fund, thereby increasing the cash holdings of the Foamex Stock Fund to 100 percent. Further, Fidelity instructed Foamex that this was the proper course of action.

COMPLAINT—CLASS ACTION – 8

31. In February 2006, the price of Foamex International, Inc., stock began to rise. On information and belief, the defendants began purchasing Foamex International, Inc., stock back into the Foamex Stock Fund on behalf of the Plan at a price much higher than they sold the Foamex International, Inc., stock for just one month prior. By the end of February 2006, the Fund was comprised of about 50 percent Foamex International, Inc., stock and 50 percent cash.

32. None of the defendants had the power or authority to ignore the defined purpose of the Foamex Stock Fund, as specifically defined in the Plan's plan document, and sell off the Foamex International, Inc., stock held in the Foamex Stock Fund.

33. As a result of the various sales and purchases of Foamex International, Inc., stock held in the Foamex Stock Fund, the defendants caused the Plan and the Plan's participants and beneficiaries to miss out on enormous gains.

### G. CLAIMS FOR RELIEF

**FIRST CLAIM:**
**BREACH OF FIDUCIARY DUTIES IN VIOLATION OF**
**ERISA § 404(A)(1)(A)-(D), 29 U.S.C. § 1104(A)(1)(A)-(D)**

34. Plaintiff re-alleges paragraphs 1 through 33, above.

35. At all relevant times, each of the defendants acted as a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) with respect to the disposition of the Plan's assets in the Foamex Stock Fund, and each defendant was a co-fiduciary of the others, ERISA § 405, 29 U.S.C. § 1105.

36. ERISA imposes strict fiduciary duties upon plan fiduciaries. ERISA § 404(a), 29 U.S.C. § 1104(a), states, in relevant part, that:

> [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

COMPLAINT—CLASS ACTION – 9

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

 (A) for the exclusive purpose of

  (i) providing benefits to participants and their beneficiaries; and

  (ii) defraying reasonable expenses of administering the plan;

 (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims;

 (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and

 (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV.

37. ERISA § 409(a), 29 U.S.C. § 1109(a), states, in relevant part:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the Plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the Plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

38. The defendants violated their obligations under ERISA §§ 404(a)(1)(A)-(D), 29 U.S.C. §§ 1104(a)(1)(A)-(D) by failing act in accordance with the documents and instruments governing the Plan, which stated that the Foamex Stock Fund was "a non-diversified stock fund that invested solely in Employer stock." By

COMPLAINT—CLASS ACTION – 10

making unauthorized sales of Foamex International, Inc., stock from the Foamex Stock Fund, the defendants violated the terms of the Plan documents and breached their fiduciary duties to the plaintiff, the Plan's participants and beneficiaries.

39. In addition, under the terms of Amendment 4, as of July 20, 2005, all participants and beneficiaries were prohibited from transferring "existing investments into or out of, the Foamex Stock Fund" and "[a]ll investments in the Foamex Stock Fund as of July 19, 2005 shall remain in the Foamex Stock Fund until moved into an alternative investment fund or distributed according to the terms of the Plan." However, according to Foamex International Inc.'s Form 11-K, filed with the SEC on June 29, 2006, participants and beneficiaries were, in fact, allowed to transfer investments out of the Foamex Stock Fund prior to its liquidation on December 22, 2006.

40. As a direct and proximate result of these acts and omissions, plaintiff, the Plan and the Plan's participants and beneficiaries have suffered losses and are entitled to relief under ERISA.

41. Plaintiff, on behalf of himself, the class and the Plan, prays for relief compelling the defendants to make good the losses to the Plan by restoring to the Plan the loss of value in the Fund, including opportunity losses and interest, as a result of the defendants' breaches of their fiduciary duties.

**SECOND CLAIM:**
**BREACH OF DUTY UNDER ERISA § 405, 29 U.S.C. § 1105**

42. Plaintiff re-alleges paragraphs 1 through 41, above.

43. At all relevant times, each of the defendants acted as a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) with respect to the disposition of the Plan's assets in the Foamex Stock Fund, and each defendant was a co-fiduciary of the others under ERISA § 405, 29 U.S.C. § 1105.

44. ERISA § 405, 29 U.S.C. § 1105, states, in relevant part, that

COMPLAINT—CLASS ACTION – 11

In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:

(1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

(2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or

(3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

45. As a direct and proximate result of the defendants' acts and omissions described above, the Plan and its participants and beneficiaries have been damaged and are entitled to relief under ERISA.

46. Plaintiff, on behalf of himself, the class and the Plan, prays for relief compelling the defendants to make good the losses to the Plan by restoring to the Plan the losses incurred as a result of the defendants' breaches of fiduciary duty.

### THIRD CLAIM:
### ATTORNEY FEES AND COSTS UNDER ERISA § 502(g), 29 U.S.C. 1132(g)

47. Plaintiff re-alleges paragraphs 1 through 46, above.

48. Plaintiff and plaintiff's class are entitled to attorney fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g).

COMPLAINT—CLASS ACTION – 12

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

## H. DEMAND FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

1. Certify this case as a class action, designate the named plaintiff as class representative, and designate SIRIANNI YOUTZ MEIER & SPOONEMORE and EKMAN, BOHRER & THULIN, P.S., as class counsel;

2. Declare that the defendants violated ERISA in the manner set forth above;

3. Order the defendants to make good the losses, including opportunity losses, sustained by the Plan and its participants and beneficiaries due to the defendants' breaches of their fiduciary duties;

4. Order the defendants to make good the losses, including opportunity losses and interest, sustained by the Plan and its participants and beneficiaries due to the defendants' breaches of their fiduciary duties;

5. Award plaintiff and the class their attorney fees; and

6. Award such other relief as is just and proper.

DATED: July 2, 2007.

SIRIANNI YOUTZ
MEIER & SPOONEMORE

Richard E. Spoonemore (WSBA #21833)

EKMAN, BOHRER & THULIN, P.S.
Charles H. Thulin (WSBA #9039)
220 W. Mercer Street, Suite 400
Seattle, WA 98119

Attorneys for Plaintiff William Stanford, Jr.

COMPLAINT – CLASS ACTION – 13

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

C07-1017 TSZ

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## 1. (a) PLAINTIFFS
WILLIAM STANFORD, JR., individually and on behalf of all other similarly situated persons and on behalf of the FOAMEX L.P. SAVINGS PLAN

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Dallas County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Richard E. Spoonemore (WSBA #21833)
SIRIANNI YOUTZ MEIER & SPOONEMORE
719 Second Avenue, Suite 1100, Seattle, WA 98104
Tel.: (206) 223-0303; Fax: (206) 223-0246; Email: rspoonemore@sylaw.com

## DEFENDANTS
FOAMEX L.P.; FOAMEX L.P. BENEFITS COMMITTEE; FIDELITY MANAGEMENT TRUST CO.; and UNKNOWN FIDUCIARY DEFENDANTS 1-100

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign County | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veterans' Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 350 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS - PERSONAL INJURY**
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury—Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities—Employment
- ☐ 446 Amer. w/Disabilities—Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING (DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY):
ERISA § 502(a), 29 U.S.C. § 1132(a)
BRIEF DESCRIPTION OF CAUSE:
Class action under ERISA for breaches of fiduciary duty

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: July 3, 2007
SIGNATURE OF ATTORNEY OF RECORD
Richard E. Spoonemore, WSBA #21833

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____

ORIGINAL
07-CV-01017-CVSHT