IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM STANFORD, individually and on behalf of all others similarly situated, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 2:07-cv-4225 |
| | : | |
| FOAMEX, L.P.; FOAMEX L.P. BENEFITS COMMITTEE; FIDELITY MANAGEMENT TRUST COMPANY; and UNKNOWN FIDUCIARY DEFENDANTS 1-100, | : | CYNTHIA M. RUFE |
| | : | |
| Defendants | : | |
| | : | |

## ORDER

**AND NOW**, this _____ day of _____, 200__, upon consideration of

Fidelity Management Trust Company's Motion to Dismiss, and all responses thereto, it is hereby

**ORDERED** that Fidelity Management Trust Company's Motion is **GRANTED** in its entirety.

Each of Plaintiff's claims against Fidelity Management Trust Company is **DISMISSED WITH**

**PREJUDICE**.

BY THE COURT:

_____
Cynthia M. Rufe, U.S.D.J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM STANFORD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FOAMEX, L.P.; FOAMEX L.P. BENEFITS COMMITTEE; FIDELITY MANAGEMENT TRUST COMPANY; and UNKNOWN FIDUCIARY DEFENDANTS 1-100,<br><br>Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION<br><br>NO. 2:07-cv-4225<br><br>CYNTHIA M. RUFE |

## DEFENDANT FIDELITY MANAGEMENT TRUST COMPANY'S MOTION TO DISMISS

Defendant Fidelity Management Trust Company ("Fidelity Trust"), through undersigned counsel, moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss with prejudice the claims of Plaintiff William Stanford, Jr. As demonstrated in the accompanying Memorandum of Law, Plaintiff has failed to allege sufficient facts to state claims that Fidelity Trust violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq.* Plaintiff has also failed to allege facts sufficient to state his claim for attorneys' fees and costs under 29 U.S.C. §29 U.S.C. §1132(g).

Plaintiff's claims against Fidelity Trust should be dismissed because the Complaint does not allege facts sufficient to show that Fidelity Trust violated the terms of the Foamex L.P. Savings Plan ("Plan") by selling Foamex stock held in the Plan and holding the cash realized from those sales, which all admittedly was done at the direction of Foamex. Plaintiff's claims against Fidelity Trust should also be dismissed because Fidelity Trust, a directed trustee, was acting at the

direction of the Foamex defendants; consequently, Fidelity Trust cannot be liable as a co-fiduciary. Finally, Plaintiff has failed to allege sufficient facts to state a claim for attorneys' fees and costs.

WHEREFORE, for the reasons set forth more fully in the accompanying Memorandum of Law, which is incorporated herein by reference, Fidelity Trust respectfully requests that the Court grant this motion and dismiss all claims against Fidelity Trust with prejudice.

**Dated:  October 29, 2007**

Respectfully submitted,

/s/Marshall J. Walthew
Marshall J. Walthew (PA I.D. 55329)
Sara B. Richman (PA I.D. 200729)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
Telephone:  (215) 981-4224
Facsimile:  (215) 981-4750

—and—

Howard Shapiro
Charles F. Seemann III
Michael D. Spencer
PROSKAUER ROSE LLP
909 Poydras Street, Suite 1100
New Orleans, Louisiana 70112
Telephone:  (504) 310-4088
Facsimile:  (504) 310-2022

Amy Covert (PA Bar No. 77186)
PROSKAUER ROSE LLP
One Newark Center
Newark, NJ 07102-5211
Telephone:  (973) 274-3200
Facsimile:  (973) 274-3299

*Counsel for Fidelity Management Trust Co.*

## CERTIFICATE OF SERVICE

I, Sara B. Richman, hereby certify that on October 29, 2007, a true and correct copy of the foregoing Motion to Dismiss and Memorandum of Law in support thereof was served via ECF and First Class U.S. Mail upon the following:

Kent Cprek, Esquire
JENNINGS SIGMOND
510 Walnut Street
Suite 1600
Philadelphia, PA 19106

Richard E. Spoonemore, Esquire
SIRIANNI YOUTZ MEIER & SPOONEMORE
719 2nd Avenue
1100 Millennium Tower
Seattle, WA 98104

Charles H. Thulin, Esquire
EKMAN BOHRER & THULIN
220 W. Mercer Street
Suite 400
Seattle, WA 98119

*Counsel for Plaintiff*

Jeremy P. Blumenfeld, Esquire
Joseph J. Costello, Esquire
Jonathon Spells Krause, Esquire
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

Michael Paul Monaco, Esquire
SONG MONDRESS PLLC
720 Third Avenue
Suite 1500
Seattle, WA 98104

*Counsel for Defendants Foamex L.P. and Foamex LP Benefits Committee*

/s/ Sara B. Richman

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| WILLIAM STANFORD, individually and on behalf of all others similarly situated, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 2:07-cv-4225 |
| | : | |
| FOAMEX, L.P.; FOAMEX L.P. BENEFITS COMMITTEE; FIDELITY MANAGEMENT TRUST COMPANY; and UNKNOWN FIDUCIARY DEFENDANTS 1-100, | : | CYNTHIA M. RUFE |
| | : | |
| | : | |
| Defendants | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF
## FIDELITY MANAGEMENT TRUST COMPANY'S MOTION TO DISMISS

This class action presents claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq.*, arising from the sale of company stock held in the Foamex L.P. Savings Plan ("Plan"), a retirement plan sponsored by Foamex L.P. ("Foamex"). Plaintiff William Stanford ("Plaintiff") filed the Complaint ("Compl.") on July 2, 2007, naming as defendants Foamex; the Foamex L.P. Benefits Committee ("Foamex Committee"), the committee responsible for operation, administration and interpretation of the retirement plan; a number of "unknown fiduciary defendants," who are not otherwise identified; and Fidelity Management Trust Company ("Fidelity Trust"), the directed trustee of the Plan. *See, e.g.,* Compl. at ¶¶11-13.

Plaintiff alleges that Fidelity Trust breached fiduciary duties under ERISA by failing to follow the terms of the instruments governing the Plan -- specifically, by selling company stock when directed by Foamex to do so.

-2-

Fidelity Trust now moves to dismiss all claims against it. The fundamental premise of this action – that defendants violated the terms of the controlling plan instruments by selling company stock held in the Plan, and holding the cash realized from those sales – is simply false. Even if there were some validity to the premise, however, the suit incorrectly attributes to Fidelity Trust, a directed trustee, the duty to discern independently the meaning of plan documents, and to disregard directions from the Foamex defendants. Similarly, under the facts alleged, Fidelity Trust cannot be held liable as a co-fiduciary, because it was acting at the direction of the Foamex defendants. For these reasons, and as explained more fully below, the Court should grant this motion and dismiss all claims against Fidelity Trust.

## I.   BACKGROUND

Plaintiff filed this action on July 2, 2007 in the United States District Court for the Western District of Washington. Citing this Court's more substantial relationship with the underlying dispute, the Foamex defendants moved to transfer the action to this Court. Plaintiff consented to the transfer, whereupon this action was transferred by order dated September 28, 2007.

A.   **The Parties.**   According to the Complaint,[1] Plaintiff is a current Foamex employee and a participant in the Plan. *See* Compl., ¶4. Foamex is the Plan's Sponsor; the Foamex Committee is the Plan Administrator and Named Fiduciary. *See, e.g.,* Plan, §§1.47, 1.48, and 12.3. Pursuant to the terms of the Plan and Trust Agreement (described more fully

---

[1]   Nothing herein should be construed as Fidelity Trust's agreement with, or acquiescence in, any statement or allegation made in the Complaint. Fidelity Trust reserves the right to challenge the completeness and accuracy of each and every allegation set forth in the operative pleadings. Fidelity Trust believes that all claims against the Foamex defendants are similarly without merit.

below), Fidelity Trust serves as the Plan's directed trustee.[2] Copies of the Plan and Trust Agreement (including amendments) are attached as Exhibits A and B, respectively.[3]

B.      **Plaintiff's Claims.** The Complaint purports to set forth three claims for relief. Plaintiff's "First Claim" is that defendants breached their fiduciary duty "by failing to act in accordance with the documents and instruments governing the Plan." *Cf.* Compl.,¶¶32, 38 *with* ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D). Specifically, Plaintiff contends the defendants lacked the authority to sell company stock held in the "Foamex Stock Fund" (the "Foamex Fund") because Section 1.32 of the Plan defines the Foamex Fund as one that "invests solely" in company stock.

Plaintiff's sparse factual allegations focus on a series of transactions in which the Foamex Fund sold company stock to raise cash, all at the direction of Foamex. According to the Complaint, in September 2005, Foamex directed Fidelity Trust to sell company stock in the Foamex Fund to reach a cash target percentage of 20 percent. *See* Compl., ¶28. In January 2006, Foamex again directed Fidelity Trust to sell company stock in the Foamex Fund, this time to reach a cash target percentage of 50 percent. *See* Compl., ¶29. On or about January 30, 2006, Foamex directed Fidelity Trust to sell "the rest of" the Foamex Fund's company stock holdings, thereby raising the Foamex Fund's cash component to 100 percent. *See* Compl., ¶30. The Complaint expressly acknowledges that each of these transactions was undertaken *at the specific*

---

[2]      A directed trustee is a trustee that is subject to direction by plan fiduciaries with regard to plan assets held in the trust. *See* ERISA §403(a)(1), 29 U.S.C. §1103(a)(1). *See also, e.g., DiFelice v. US Airways, Inc.*, 397 F. Supp. 2d 735. 744-45 (E.D. Va. 2005) (discussing limited nature of directed trustee's duties). Under ERISA, unlike a discretionary trustee, a directed trustee is subject to direction.

[3]      In deciding a motion under FED. R. CIV. P. 12(b)(6), the Court may consider the plan and trust documents. *See* FED. R. CIV. P. 10(c); Compl. ¶¶13, 25-26. *See also, e.g., Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 559-60 (3d Cir. 2002); *Brennan v. Consolidated Rail Corp. Matched Savings Plan*, 2000 WL 217664, *1 & n.1 (E.D.Pa. Feb. 11, 2000).

*direction of Foamex.*[4] The Complaint states that "defendants" thereafter reversed course, buying company stock for the Foamex Fund in February 2006, after the share price of Foamex had risen "much higher." *See* Compl., ¶31.  This caused the Plan and the participants "to miss out on enormous gains." *See* Compl., ¶33.

Plaintiff's "Second Claim" simply asserts a claim for co-fiduciary liability against all defendants, pursuant to ERISA §405, 29 U.S.C. §1105, for the same alleged conduct. *See* Compl.,¶¶42-46.  Plaintiff's "Third Claim" seeks recovery of attorneys' fees and costs, pursuant to ERISA §502(g), 29 U.S.C. §1132(g).  No additional factual allegations are provided in support of the Second Claim or the Third Claim. *See* Compl.,¶¶42-48.

C.     **The Plan**.  The Plan (restated effective January 1, 2001) establishes individual accounts for each participant, which are further subdivided based on the source of contributions (for example, participant contributions or employer matching contributions) into the participant's account. *See, e.g.,* Plan, §§3.1, 3.2 and 4.1.  Participants may generally direct investment of these amounts among investment funds specified by the Plan documents.  The Foamex Fund is one of these investment funds. *See, e.g.,* Plan, §4.3.1 & Appendix C. *See also* Trust Agreement, §4(b) & Schedule C.

As noted above, the Plan designates the Foamex Committee as the Named Fiduciary of the Plan, and confers "complete authority to control and manage the operation and administration of the Plan" on the Foamex Committee. *See* Plan, §12.1.  The Foamex Committee's powers also include, among other things, "discretionary authority to interpret the Plan and to resolve ambiguities, inconsistencies and omissions, which findings shall be binding, final and conclusive." *See* Plan, §12.3.

---

[4]      A party's assertion of fact in a pleading is a binding judicial admission. *See, e.g., Parilla v. IAP Worldwide Servs., Inc.,* 368 F. 3d 269, 275 (3d Cir. 2004).

**D.** **The Trust Agreement.** Under the terms of the Plan, the Plan's assets are "committed in trust to the Trustee [*i.e.*, Fidelity Trust] . . . subject to the terms of the Trust to be held, managed, and disposed of by the Trustee in accordance with the terms of the Trust and this Plan." *See* Plan, §10.1. This trust relationship is governed by the Trust Agreement. *Id.*; *see also* Plan, §1.63 (stating that the trust instrument fixes rights and liabilities between Foamex and Fidelity Trust).

As established by the Trust Agreement, Fidelity Trust is the Plan's directed trustee and record keeper. As such, Fidelity Trust performs primarily ministerial functions,[5] and has no responsibility for selection of plan investment options. *See* Trust Agreement, §4(a). Instead, the Foamex Committee directs Fidelity Trust to maintain a specified menu of investment options available to participants. *See* Trust Agreement, §4(b) & Schedule A (as amended from time to time). Individual participants then direct Fidelity Trust on their investment choices (from the options directed by the Foamex Committee) in their own accounts. *See* Trust Agreement, §4(c). The Trust Agreement further specifies that Fidelity Trust "shall be considered a fiduciary with investment discretion *only* with respect to Plan assets . . . that are invested in collective investment funds maintained by the Trustee for qualified plans." *See* Trust Agreement, §4(b) (emphasis added).[6]

---

[5] Pursuant to the Trust Agreement, Fidelity Trust also performs recordkeeping and administrative functions within a framework established at the direction of the Committee. *See* Trust Agreement, §5(a) & Schedule A thereto. These functions include processing of payroll contributions (Schedule A, §B(1)); maintenance of employee data necessary to support plan administration (§B(8)); mailing of standard participant notifications, such as transaction confirmations (§C(1) and (3)); preparation of reports concerning participants' benefits, such as account statements (§C(2)); preparation of reports required by government agencies (§E); and preparation of employee communications materials (§F).

[6] *Cf.* Plan, §12.3.6. Pursuant to this Plan provision, delegation of fiduciary responsibility to Fidelity Trust must be "made and accepted," in writing, by Fidelity Trust and approved, in writing, by the Plan Sponsor (*i.e.*, Foamex).

Since the Foamex Stock Fund is not one of these collective investment funds,[7] Fidelity Trust is subject to direction by the Foamex defendants regarding the Foamex Fund and its holdings in company stock.  For example, Fidelity Trust is expressly made subject to directions by the Foamex Committee and the individual participants regarding investments in the Foamex Fund.  *See* Trust Agreement, §4(e)(i).[8]  The Trust Agreement also delegates a continuing duty to monitor the suitability of Company stock under ERISA's fiduciary-duty rules to the Foamex Committee or, in certain circumstances, the individual participants.  *See* Trust Agreement, §4(e)(ii).  No comparable duty is assigned to Fidelity Trust anywhere in the plan and trust documents.

The Trust Agreement also expressly provides that the Foamex Fund will hold cash or other short-term liquid assets.  Fidelity Trust is obligated to maintain these cash holdings at the level directed by the Foamex defendants:

> Trust Investments in Sponsor Stock shall be made via the Foamex Common Stock Fund (the "Stock Fund").  Investments in the Stock Fund shall consist primarily of shares of Sponsor Stock. *The Stock Fund shall also include cash or short-term liquid investments, in accordance with this paragraph, in amounts designed to satisfy daily participant exchange or withdrawal requests. . . . . The Named Fiduciary shall, after consultation with the Trustee, establish and communicate to the Trustee in writing a target percentage and drift allowance for such short-term liquid investments.*  Subject to its ability to execute open-market trades in Sponsor Stock or to otherwise trade with the Sponsor, *the Trustee shall be responsible for ensuring that the short-term investments held in the Stock Fund falls within the agreed-upon range over time.* . . . .

*See* Trust Agreement, §4(e) (emphasis added).

---

[7]    A collective investment fund is a "pooled fund operated by a bank or trust company for investment of the assets of separate trust accounts." *See* DICTIONARY OF BANKING TERMS (Barron's 3rd Ed. 1997) at 96.  The Plan and Trust Agreement make it clear that the Foamex Fund was not pooled with funds from other plans.

[8]    Section 4(e) of the Trust Agreement, relating to company stock, was amended and restated by an amendment to the Trust that had been effective since 2001.  All references to Section 4(e) of the Trust Agreement are to the amendment. *See* Exhibit B.

In every material aspect of Plan management, operation or administration, Fidelity Trust is subject to direction. The Trust Agreement is replete with provisions requiring Fidelity Trust to execute directions issued by authorized parties. For example, Fidelity Trust is subject to direction in such administrative matters as disbursements for Plan expenses or participant withdrawals. *See* Trust Agreement, §§3(a) and 3(b). Fidelity Trust is also subject to direction by the Foamex Committee and individual participants for investments in company stock, voting and tender of company stock, and "all other rights" relating to company stock. *See* Trust Agreement, §§4(b), 4(c), 4(e)(i), and 4(e)(vi). Subject to liquidity and other limitations, the Trust Agreement expressly provides that purchases and sales of company stock *"shall* be made" by Fidelity Trust on the date it receives the paperwork supporting the direction. *See* Trust Agreement, §4(e)(iv)(A) (emphasis added). Except in voting and tender matters, in the case of company stock not allocated to an individual participant's account, "the Trustee [*i.e.*, Fidelity Trust] *shall* follow the directions of the Named Fiduciary [*i.e.*, the Foamex Committee]." *See* Trust Agreement, §4(e)(vii) (emphasis added). The Trust Agreement further provides that Fidelity Trust is not liable for any loss, or for any breach, arising from the exercise or non-exercise of the Foamex Committee's or participants' rights of direction. *See* Trust Agreement, §4(h).

## II.   LAW & ARGUMENT

In ruling on this motion, the Court must accept only well-pleaded factual allegations in the Complaint as true. The Court need not credit "bald assertions" or "legal conclusions." *See Anspach ex rel. Anspach v. City of Philadelphia, Dept. of Public Health,* ___ F. 3d ___, 2007 WL 2743446 (3d Cir. Sep. 21, 2007); *Reynolds v. Rick's Mushroom Service, Inc.,* 2006 WL 2346287 (E.D. Pa. Aug. 10, 2006) (Rufe, J.). In fact, the Court must disregard "legal

conclusions masquerading as factual conclusions" altogether. *Anspach*, 2007 WL 2743446 at *2 (citing *Morse v. Lower Merion Sch. Dist.*, 132 F. 3d 902, 906 n.8 (3d Cir. 1997)).

The Supreme Court recently confirmed that a plaintiff's obligation to state the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964-65 (2007). To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 1965 (citations omitted). This means that Plaintiff's complaint must provide a factual basis on which the Court may infer that otherwise-legal activities violate the applicable statute, in this case, ERISA. *Id.* at 1966 (holding that antitrust claimants' conclusory allegations of prohibited conduct did not "supply facts adequate to show illegality").

A.   **Plaintiff's Claims Are Contradicted by the Instruments Governing the Plan.**

This class action is predicated entirely on the notion that defendants could not raise the Foamex Fund's cash holdings by selling company stock, because the Plan's "Definitions" section described the "Foamex Stock Fund" as "a non-diversified stock fund that invests *solely* in Employer Stock." *See* Plan, §1.32 (emphasis added). *Cf.* Complaint, ¶¶8, 25-26. Based on this premise, Plaintiff asserts that Fidelity Trust (and the other defendants) acted contrary to the "documents and instruments governing the plan." *See* ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D).[9] Necessarily implicit in this contention is the view that the Foamex Fund can hold no other assets besides company stock.

---

[9]      The Complaint references the entire panoply of ERISA's fiduciary duties (Compl., ¶36) but does not provide any factual allegations to support a claim other than a failure to follow plan terms. *See, e.g.*, Compl., ¶¶32, 38.

This view cannot be squared with the plan documents, however.   ERISA expressly requires that the assets of a benefits plan (such as the Plan at issue here) be placed into trust.  *See* ERISA §403(a), 29 U.S.C. §1103(a).   The Trust Agreement implements this statutory requirement.   Consequently, the Trust Agreement is, by definition, one of the "documents and instruments governing the plan," as that term is used in ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D).   In addition, as noted above, the Plan requires Fidelity Trust to administer its role in accordance with the Trust Agreement.  *See* Plan §10.1.   Thus, the Trust Agreement ineluctably forms part of the governing plan documents, both by operation of statute and by incorporation into the Plan itself.[10]

Contrary to Plaintiff's view, Section 4(e) of the Trust Agreement expressly contemplates that the Foamex Fund will hold "cash or short-term liquid investments."   Thus, the "documents and instruments governing the plan" directly contradict Plaintiff's contention that the Foamex Fund must hold company stock *exclusively*.

That the Plan might arguably be read differently is of no moment:  the Plan itself states that the trust will be administered in accordance with the Trust Agreement.  *See* Plan, §10.1.   Even assuming that Plaintiff's reading of Plan Section 1.32 is correct – a thoroughly dubious proposition – the Trust Agreement controls when in conflict with the Plan.  *See* Trust Agreement, §16(b).

---

[10]   *See also* ERISA §§104(a)(6), 104(b)(2) and 104(b)(4), 29 U.S.C. §§1024(a)(6), 1024(b)(2) and 1024(b)(4) (including "trust agreement" among "instruments under which a plan was established or is operated"); *Carney v. International Bhd. of Elec. Workers*, 2002 WL 1060652, *7 & n.12 (E.D. Pa. May 23, 2002) (discussing penalties for failure to furnish plan documents, including trust agreement), *affirmed in part and vacated in part on other grounds at* 66 Fed. Appx. 381 (3rd Cir. 2003).   Not surprisingly, the jurisprudence uniformly treats a trust agreement as part of the plan documents.  *See, e.g., Militello v. Central States, Southeast & Southwest Areas Pension Fund*, 360 F.3d 681, 686 & n.2 (7th Cir. 2004); *Wright v. Oregon Metallurgical Corp.*, 222 F. Supp. 1224, 1230-31 (D. Ore. 2002), *affirmed at* 360 F.3d 1090 (9th Cir. 2004).

**B.**     **Fidelity Trust's Conduct was *Required* by the Plan Documents.** The Trust Agreement (and by reference, the Plan) expressly makes Fidelity Trust subject to the direction of the Foamex defendants, as shown above. *See, e.g.,* Trust Agreement §§4(b), 4(h)(ii), 5(a), 7(a) and 7(b). Fidelity Trust's obligation to follow directions is no different with respect to the purchase or sale of company stock held in the Foamex Fund. *See, e.g.,* Trust Agreement, §§4(e)(iv)(A) and 4(e)(vii). Specifically, the Trust Agreement confers on the Foamex Committee the power to establish the Foamex Fund's "target percentage" of the Foamex Fund's cash and other liquid assets, and to direct Fidelity Trust accordingly. *See, e.g.,* Trust Agreement, §4(e). This provision goes further, however, obligating Fidelity Trust to "ensur[e] that short-term investments of the Stock Fund" comport with such directions. *Id.*

The Complaint ascribes to Fidelity Trust a duty to ignore this obligation. This is completely at odds with ERISA and the plan documents, and might actually constitute the very failure to abide by plan documents of which Plaintiff now complains.

An additional point warrants mention. Ostensibly, Plaintiff would have Fidelity Trust reject the directions of the Foamex defendants and adopt the interpretation of the Plan suggested by this suit (*i.e.*, that the Foamex Fund cannot hold cash or comparable assets). However, authority to decide between varying interpretations of the Plan is not given to Fidelity Trust; rather, it is given to the Foamex Committee, which holds "binding, final and conclusive" authority "to interpret the Plan and to resolve ambiguities, inconsistencies and omissions . . . ." *See* Plan, §12.3. Plaintiff's claims against Fidelity Trust thus conflict with yet another Plan provision; under Plaintiff's view, Fidelity Trust would have to usurp the interpretive authority given to the Foamex Committee and override existing directions (*i.e.*, to raise the cash target) in violation of the controlling documents.

C.    **Fidelity Trust Has No Co-Fiduciary Liability.**  The Complaint also purports to raise a claim for co-fiduciary liability under ERISA §405, 29 U.S.C. §1105.  As noted above, there are no additional factual allegations supporting this claim.  *See* Complaint, ¶¶42-46.

The plain language of the ERISA provision regarding co-fiduciary liability requires, as an element of the claim, a pre-existing breach of fiduciary duty.  *See* ERISA §405(a), 29 U.S.C. §1105(a) (imposing co-fiduciary liability for "a breach of fiduciary responsibility of another fiduciary").  As demonstrated above, the Complaint asserts no facts suggesting that the complained-of transactions are inconsistent with plan documents; consequently, the requisite breach of fiduciary duty (*i.e.*, failure to comply with the documents and instruments governing the plan) is absent.  *See, e.g., Brandt v. Grounds*, 687 F. 2d 895, 898 (7th Cir. 1982) (dismissing co-fiduciary claims where there was no underlying ERISA violation).

Even assuming there is an underlying breach by the Foamex defendants, no co-fiduciary liability attaches to Fidelity Trust.  Put simply, a directed trustee does not have co-fiduciary responsibility for complying with directions in accordance with the Trust Agreement and ERISA §403(a), 29 U.S.C. §1103(a).  *See, e.g., DiFelice v. US Airways, Inc.*, 397 F. Supp. 2d 735, 757-78 & n. 6 (E.D. Va. 2005) ("[W]here, as here, a directed trustee is not alleged to have violated his exclusive duties, but to have failed to object to the named fiduciary directions, a directed trustee's primary liability as a fiduciary, and its secondary liability as a co-fiduciary are essentially co-extensive.").  *See also, e.g., In re Cardinal Health, Inc. ERISA Litig.*, 424 F. Supp. 2d 1002, 1040-41, 1051 (S.D. Ohio Mar. 31, 2006) (dismissing co-fiduciary claim against a directed trustee where plaintiffs failed to allege violation of ERISA §403 duties).

## III. CONCLUSION.

For these reasons, Plaintiff's claims fail. Plaintiff's lawsuit depends on a highly selective reading of a single provision of the Plan, which is otherwise contradicted by manifold other provisions of the Plan and Trust Agreement. Moreover, the complained-of actions attributed to Fidelity Trust are entirely consistent with the terms of the Plan and the Trust Agreement. The Complaint further concedes that the complained-of actions were in response to directions from the Foamex defendants, which obligated Fidelity Trust to comply. For the same reasons, Plaintiff's attributions of co-fiduciary liability also fail.

Without more, there is no basis on which this Court could hold that Fidelity Trust's conduct violated ERISA in any way. In accordance with the Supreme Court's recent teaching in *Twombly*, this Court should reject all of Plaintiff's claims[11] against Fidelity Trust and dismiss Fidelity Trust, with prejudice, from this action.

**Dated: October 29, 2007**

Respectfully submitted,

/s/Marshall J. Walthew
Marshall J. Walthew (PA I.D. 55329)
Sara B. Richman (PA I.D. 200729)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4224
Facsimile: (215) 981-4750

—and—

---

[11]     Plaintiff's Third Claim simply seeks attorneys' fees and costs under ERISA §502(g). 29 U.S.C. §1132(g). Nothing in the Complaint provides any basis on which to evaluate such a request under the five-factor test enunciated in *McPherson v. Employees' Pension Plan*, 33 F. 3d 253 (3rd Cir. 1994). Further, given that Plaintiff's claim are without merit, the Court should likewise dismiss the Third Claim.

Howard Shapiro
Charles F. Seemann III
Michael D. Spencer
PROSKAUER ROSE LLP
909 Poydras Street, Suite 1100
New Orleans, Louisiana 70112
Telephone:  (504) 310-4088
Facsimile:  (504) 310-2022

Amy Covert (PA Bar No. 77186)
PROSKAUER ROSE LLP
One Newark Center
Newark, NJ - 07102-5211
Telephone:  (973) 274-3200
Facsimile:  (973) 274-3299

*Counsel for Fidelity Management Trust Co.*