# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM STANFORD, JR., individually and on behalf
of all other similarly situated persons and on behalf of
the Foamex L.P. Savings Plan,
    Plaintiff,

v.

FOAMEX L.P., *et al.*,
    Defendants.

:
:
:
:
:
:
:
:
:

CIVIL ACTION

NO. 07-4225

## Memorandum and Order

YOHN, J.                                                                 April 15, 2009

On February 18, 2009, Foamex L.P. ("Foamex" or "debtor"), one of several defendants in
this Employee Retirement Income Security Act ("ERISA")[1] civil enforcement lawsuit, filed a
voluntary petition under Chapter 11 of the Bankruptcy Code. By filing its petition, Foamex
triggered the automatic stay under 11 U.S.C. § 362(a). The automatic stay halts the continuation
of this judicial action against Foamex. The non-bankrupt defendants, the Foamex L.P. Benefits
Committee ("Committee"),[2] Fidelity Management Trust Company ("Fidelity"), and individual
fiduciary defendants, ask the court to extend the stay to them. For the following reasons, I will
not extend the automatic stay to the non-bankrupt defendants.

---

[1] Pub. L. No. 93-406, 88 Stat. 829 (1974) (codified in various sections of 29 U.S.C. ch.
12).

[2] The Committee consisted of Foamex employees appointed by Foamex to run the Plan.
(Am. Compl. ¶ 15.)

1

## I.      Background[3]

Plaintiff alleges that in 2001, Foamex established and sponsored a 401(k) plan (the "Plan"). (Am. Compl. ¶ 6.) The Plan, in turn, established the Foamex Stock Fund ("Fund"), defined as a "non-diversified stock fund that invests solely in Employer Stock," the common stock of Foamex International, Inc. (*Id.* ¶ 8; Plan § 1.32.) Plaintiff's claims arise from defendants' administration of the Plan.[4]

Foamex filed its voluntary petition under Chapter 11 of the Bankruptcy Code on February 18, 2009. The court received notice of Foamex's filing on February 23, 2009. By filing this petition, all counts against Foamex are stayed.[5] By letter dated February 24, 2009, I asked plaintiff and non-bankrupt defendants to address the effect of Foamex's bankruptcy filing on the remaining, non-stayed defendants and counts. The non-bankrupt defendants ask the court to

---

[3] As this Memorandum and Order concerns the legal effect of Foamex's bankruptcy filing, the court need not rehearse its previous discussion of plaintiff's allegations. A full description of plaintiff's allegations can be found in *Stanford v. Foamex, L.P., et al.*, No. 07-4225, 2008 WL 3874823, *1-3 (E.D. Pa. Aug. 19, 2008).

[4] Plaintiff asserts the following counts: (I) breach by Foamex, the Committee, and Fidelity of their fiduciary duties under ERISA § 404(a)(1)(D) to follow Plan documents when they made unauthorized sales of Employer Stock from the Fund and transferred existing Fund investments in violation of Amendment No. 4; (II) breach by Foamex of its duty under ERISA § 404(a)(1)(B) to monitor the Committee; (III) breach by Foamex under the theory of respondeat superior for the breaches by the members of the Committee; (IV) breach by Fidelity of its duty under ERISA § 403(A)(1) to follow proper directions when it followed the unauthorized direction of Foamex and violated the Plan's Fund's rules by liquidating it entirely; (V) breach by Foamex of its duty under ERISA § 404(a)(1)(B) to monitor Fidelity; (VI) breach by the Committee of its duty under ERISA § 404(a)(1) not to mislead Plan participants and to accurately inform Plan participants regarding administration of the plan; (VII) breach by all defendants of their cofiduciary duties under ERISA § 405; and (VIII) a claim for attorney fees and costs under ERISA § 502(g) and the common fund theory.

[5] No party disputes the applicability of the § 362(a) stay to Foamex.

2

extend the automatic stay.  Plaintiff argues that the stay does not extend to the non-bankrupt co-defendants.

## II.    Discussion

### A.    Legal Standard

Section 362(a) provides that the filing of a petition for bankruptcy automatically stays certain judicial proceedings against the debtor.[6]  The § 362(a) stay as to the debtor is "'automatic' because it is triggered as against all entities upon the filing of a bankruptcy petition . . . ." *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991).  Significantly, while the scope of § 362(a) is broad, its "clear language . . . stays actions only against a debtor . . . . As a consequence, '[i]t is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor.'" *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509-10 (3d Cir. 1997) (quoting *Maritime*, 959 F.2d at 1205 (citing *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196-97 (6th Cir. 1983))).

As noted by the Third Circuit in *McCartney*, some courts have liberalized this general rule in certain "unusual circumstances."  106 F.3d at 510 (citing *A.H. Robins Co. v. Piccinin*, 788

---

[6] Section 362(a)(1) reads:
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

F.2d 994, 999 (4th Cir.1986)).  In *McCartney*, the Third Circuit observed, without explicitly

adopting, two situations where other courts had found "unusual circumstances" and "applied the

automatic stay protection to non-debtor third parties."[7]  *Id.*  First, courts have extended the stay

where "there is such identity between the debtor and the third-party that the debtor may be said to

be the real party in interest and that a judgment against the defendant will in effect be a judgment

or finding against the debtor."  *Id.* (citing *Robins*, 788 F.2d at 999).  Second, courts have

extended the stay where "stay protection is essential to the debtor's efforts of reorganization."  *Id.*

(citing *Robins*, 788 F.2d at 999); *see also Hess Corp. v. Performance Texaco, Inc.*, No. 08-1426,

2008 WL 4960203, at *2 (citing *In Re Mid-Atlantic Handling Sys. LLC*, 304 B.R. 111, 128-29

(Bankr. D.N.J. 2003)) (finding that cases extend the stay under this theory where "principals or

officers who have guaranteed the corporate debt are parties necessary to the effective

reorganization of the debtor corporation").

---

[7] The *McCartney* court's use of the phrase "applied the automatic stay protection"
seemingly refers to an extension of the automatic stay to non-debtors.  The courts cited by
*McCartney*, however, relied on 11 U.S.C. § 105(a), not § 362(a), to enjoin the actions against the
non-bankrupt parties.  *See* § 105(a) (granting bankruptcy court power to "issue any order,
process, or judgment that is necessary or appropriate to carry out the provisions of this title"); *see
generally Patton v. Beardon*, 8 F.3d 343, 349 (6th Cir. 1993) (reviewing several courts that
extended a stay to non-bankrupt parties and recognizing that "such extensions [of the stay],
although referred to as extensions of the automatic stay, were in fact injunctions issued by the
bankruptcy court").
   Thus, it is unclear whether the Third Circuit views staying an action to aid a debtor's
reorganization the result of extending the § 362(a) stay or the result of issuing a separate
injunction pursuant to, for example, a district court's inherent power to stay a pending action or a
bankruptcy court's power under § 105(a).  This issue is academic, however, as the practical effect
(i.e., the staying of an action) is the same regardless of the means employed.

## B.     Parties' Arguments

Fidelity offers three arguments in support of extending the stay.  First, Fidelity argues the factual and legal issues in this case are intertwined such that a finding that a non-bankrupt defendant violated ERISA is tantamount to finding that Foamex did so.  Second, Fidelity contends that the pending cross-claims for indemnification between the non-bankrupt defendants and Foamex constitute an "unusual circumstance" that justifies extending the stay.  Third, Fidelity argues that all parties require discovery from Foamex.

The Committee and the individual fiduciary defendants raise many of the same arguments Fidelity raised.  In addition, the Committee and the individual fiduciary defendants argue that extending the stay will aid Foamex's reorganization because the individual defendants in this action are needed to assist Foamex's reorganization.

Plaintiff counters that, by its terms, the automatic stay applies only to debtors, not to the non-bankrupt co-defendants.  Moreover, plaintiff contends that the presence of similar or overlapping legal and factual issues is an insufficient ground for extending the stay.  Lastly, plaintiff asserts that this case does not present an unusual circumstance that justifies extending the scope of the stay.

### 1.     Indemnification Agreements

As discussed, some courts have extended the stay to non-debtors because indemnification agreements reallocate risk of payment to the debtor such that the debtor is the real party in interest.[8]  *See, e.g., In Re Lomas*, 117 B.R. 64, 68 (S.D.N.Y. 1990) (relying on existence of

---

[8] Though the *McCartney* court acknowledged that courts had extended the stay in certain situations involving indemnification agreements, *McCartney* did not hold that the existence of indemnification agreements is itself a sufficient basis for extending the stay.  Indeed, *McCartney*

indemnity agreements, *inter alia*, in case where indemnification obligations of debtor

undisputably would arise if corporate officers found liable); *In re Family Health Servs., Inc.*, 105

B.R. 937, 943 (Bankr. C.D. Cal. 1989) (finding that creditors' claims against non-debtors

unquestionably would give rise to indemnification liability of debtor, and therefore holding that

the debtor was the real party in interest).  Courts that do extend the stay because of the potential

indemnification implications on the debtor generally do so in cases where the non-debtors'

liability is derivative to their status within the debtor-corporation.  *See, e.g.*, *Lomas*, 117 B.R. at

65, 68 (extending the stay in case against debtor-corporation's officers where it was "undisputed

that [the] alleged fraudulent misrepresentations were in fact made in [the defendants'] capacity as

[debtor's] officers"); *In re Am. Film Techs., Inc.*, 175 B.R. 847, 850-51 (Bankr. D. Del. 1994)

(extending stay where allegations concerned directors acting in their capacity as directors of

debtor-corporation).

 Unlike these cases, plaintiff in this action alleges that each of the non-bankrupt

defendants is independently liable for breaches of fiduciary duties they owed to plaintiff under

ERISA.  (*See, e.g.*, Am. Compl. ¶¶ 45-52); *see also* 29 U.S.C. §§ 1002(21), 1104 (fiduciary

standards), 1109 (liability provision).  Put another way, plaintiff seeks recovery for actions

---

did not concern indemnification, but rather centered on a guaranty agreement between the debtor
and a creditor of the debtor's non-bankrupt company.  106 F.3d at 508.  Nonetheless, the court
will assume, without deciding, that the existence of an agreement under which a debtor is to
indemnify a non-debtor co-defendant constitutes an unusual situation if the agreement makes the
debtor the real party in interest.  *See id.* at 511 (applying "unusual circumstances" test and
holding that debtor was the real party in interest); *see also In re W.R. Grace & Co.*, 115 Fed.
App'x 565, 568-69 (3d Cir. 2004) (reviewing bankruptcy court's decision not to alter scope of its
injunction, which encompassed actions against debtor's worker's compensation insurance carrier,
and noting that the "prospect" of indemnification by the debtor—established in a settlement
agreement between debtor and insurer—made stay appropriate).

defendants' took in their capacity as fiduciaries under the Plan, not for actions taken in their capacity as employees or officers of Foamex. Where, as here, claims are premised on breaches of fiduciary duties that are not merely derivative of the defendant's job with the debtor, the defendant who owes to the plaintiff the relevant fiduciary duties, not the debtor, is the real party in interest. *See Kernaghan & Co. v. Global Intellicom, Inc.*, No. 99civ3005, 2000 WL 640653, at *15 (S.D.N.Y. May 17, 2000) (reasoning that "[b]ecause the claims against [the defendant] are not derivative of his status as Chairman and Chief Executive Officer of [debtor], but rather are premised upon [the defendant's] own conduct, including an alleged breach of his fiduciary duty . . . a stay is not warranted . . . ."); *In Re Metal Ctr.*, 31 B.R. 458, 462 (Bankr. D. Conn. 1983) (reasoning that extension of the stay is inappropriate if the non-bankrupt defendant is "independently liable as, for example, where the debtor and another are joint tort feasors or where the nondebtor's liability rests upon his own breach of a duty"); *see also Robins*, 788 F.2d at 999 (quoting *In Re Metal Ctr.*, 31 B.R. at 462 ); *CAE Indus. LTD v. Aerospace Holdings Co.*, 116 B.R. 31, 33 (S.D.N.Y 1990) (reading *Robins* as excluding "from the 'unusual circumstances' exception those cases in which the non-bankrupt co-defendant is 'independently liable'" (quoting *Robins*, 788 F.2d at 999)).  Thus, because liability of the non-bankrupt defendants is premised on their alleged breaches of fiduciary duties owed to plaintiff, I find that the non-bankrupt defendants, not the debtor, are the real parties in interest.[9]

---

[9] Even assuming that Foamex is the real party in interest, Foamex's indemnification obligations do not appear absolute, as required by courts extending the stay due to the existence of indemnification agreements. *See Hess*, 2008 WL 4960203, at *2 (reasoning that indemnification agreements constitute unusual circumstances only in "actions against non-debtors who are entitled to *absolute indemnity* by the debtor for a judgment against them" (emphasis added)) (citing *In re Mid-Atlantic Handling*, 304 Bankr. at 128 (citing cases)).  Here, both indemnification agreements at issue contain provisions that limit Foamex's obligation to

### 2.   Reorganization Efforts

The Committee and the individual fiduciary defendants argue that their individual efforts are needed to work with Foamex's bankruptcy counsel during the reorganization. Though extension of the stay under this theory is cognizable, defendants have not demonstrated that they are "essential" to Foamex's reorganization efforts. Accordingly, I find that extension of the stay to aid in Foamex's reorganization is unwarranted.

Courts that have stayed actions against non-debtors to facilitate a debtor's reorganization have done so where the non-debtor is essential to the reorganization because of the non-debtor's expertise, intimate relationship to the company and/or anticipated use of personal capital to effectuate the restructuring. *See McCartney*, 106 F.3d at 510 (citing cases). For example, in *In re Lazarus Burman Assocs.*, the bankruptcy court enjoined proceedings against the non-debtor principals of a debtor partnership because the principals "solely" controlled the debtor and were the "only persons" who could effectively conduct the reorganization. 161 B.R. 891, 899-00 (Bankr. E.D.N.Y. 1993). Likewise, in *In re Nelson*, the court extended the stay to a debtor's guarantor because the guarantor was the debtor's president and sole shareholder, whose time and money were necessary to the debtor's reorganization. 140 B.R. 814, 816-17 (Bankr. M.D. Fla. 1992); *see also In re Monroe Well Serv., Inc.*, 67 B.R. 746, 751 (Bankr. E.D. Pa. 1986) (reasoning that extending the stay "may be appropriate when the non-debtor owns assets which

---

indemnify. *See* Trust Agreement, § 7(e) (stating that Foamex is not liable for losses Fidelity sustains "arising from [Fidelity's] negligence, breach of fiduciary duty, breach of [the Trust Agreement], or bad faith"); Plan Agreement, § 12.5 (stating that Foamex need not indemnify the Committee members if "[their] action or inaction is finally determined by a court, and all time for appeal has lapsed, to be a breach of the standard of conduct expressed in [section 12.5]"). As plaintiff's claims center on defendants' alleged breaches of fiduciary duties, Foamex's indemnification obligations may not be absolute.

will either be a source of funds for the debtor or when the preservation of the non-debtor's credit standing will play a significant role in the debtor's attempt to reorganize" or where it is necessary for a proper reorganization that a debtor's principal expend "time, energy and commitment to the debtor").

Here, defendants assert that they must work with counsel to restructure Foamex. Defendants do not, however, assert that they are the only persons who are capable of aiding the reorganization or that they are essential to the reorganization. There simply is nothing to suggest that defendants are intimately linked to Foamex or that defendants time and/or money is necessary to restructure Foamex. For these reasons, I find no basis to stay the action as to the Committee or the individual fiduciary defendants to aid Foamex's reorganization.

### 3.    Remaining Arguments

The non-bankrupt defendants argue that plaintiff's claims against them are factually and legally related to plaintiff's claims against Foamex. As the Third Circuit has explained, however, the automatic stay does not extend to non-bankrupt parties merely because the non-bankrupt parties "are in a similar legal or factual nexus with the debtor." *Maritime, 959 F.2d at 1204-05* (reasoning that "[m]ultiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay"). To extend the stay to non-debtors merely because of factual and legal relatedness would be contrary

to both the plain text of § 362 and the Third Circuit's reasoning.  Accordingly, I do not accept

this argument.[10]

---

[10] Fidelity also states that if plaintiff is successful, the court will inevitably issue findings adverse to Foamex (e.g., a finding that the individual fiduciary defendants breached their duties impacts the respondeat superior claim asserted against Foamex).  In making this statement, Fidelity appears to raise, without further explanation, questions of issue preclusion because adverse factual findings as to the non-debtor defendants would be irrelevant to Foamex unless given preclusive effect.  Though Fidelity has not explicitly addressed this issue, several courts have struggled with determining whether factual findings from a non-stayed action have preclusive effect against a debtor, which by reason of the stay, was not a party to non-stayed proceedings.  *See, e.g., In re Am. Film*, 175 B.R. at 850-52 (Bankr. D. Del. 1994) (reasoning that collateral estoppel concerns coupled with unquestionable applicability of debtor's indemnification agreements justified extending stay in case where non-bankrupt defendants were acting as agents of the debtor); *In re Lomas*, 117 B.R. at 67 (noting, without addressing whether collateral estoppel actually would apply, that "threat" of collateral estoppel would "force" the debtor to participate in the non-stayed action); *In re Metal Ctr.*, 31 B.R. at 462-63 (downplaying impact of collateral estoppel because bankruptcy law alters traditional notions of issue preclusion); *see also In re W.R. Grace*, 115 Fed. App'x at 569-70 (discussing collateral estoppel effect of factual findings on debtor, where factual findings would derive from a non-stayed action against debtor's insurer, and noting plaintiff's assertion that no preclusive effect would arise as to debtor "is more supposition than certainty").

In addition, the Second Circuit noted that no court has extended the stay "solely because of an apprehended later use against the debtor of offensive collateral estoppel . . . ." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 288 (2d Cir. 2003); *see also In re Lomas*, 117 B.R. at 66-68 (finding that debtor's reorganization effort, existence of indemnification agreements and possibility of issue preclusion all favored extending stay to non-debtors).  Indeed, it appears that notions of collateral estoppel arise in cases where a debtor's indemnification obligations are absolute.  As I discussed above, because the indemnification agreements in this case contain liability carve-out provisions, the scope of Foamex's indemnification obligations does not appear absolute.  *See, e.g., In re Am. Film*, 175 B.R. at 850-51; *In re Lomas*, 117 B.R. at 68.

Finally, the cases Fidelity cites in support of this argument are inapposite to both the facts of this case and to the issue of preclusion.  First, in *Fed. Life Ins. Co. (Mut.) v. First Fin. Group of Texas*, the court extended the stay because the claims against the debtor's officers centered on the actions taken by the officers in their capacities as corporate officers.  3 B.R. 375, 376 (D.C. Tex. 1980) (extending stay in case where "gravamen of Plaintiff's complaint is that [debtor], through its agent . . . secured monies from Plaintiff by fraud and misrepresentation).  In contrast, as discussed in the previous section, this case involves alleged breaches of duties owed by the non-debtor defendants directly to plaintiff.  Second, in *Burk ex rel Burk v. Steve & Barry's Illinois, LLC*, No. 07-0349, 2008 WL 4900717, at *1-2 (S.D. Ill. Nov. 13, 2008), the plaintiff requested that the court stay the action.  Plaintiff in this case contests any extension.  Moreover, neither of these cases mentions collateral estoppel or issue preclusion.

Finally, Fidelity asserts that all remaining parties will require discovery from Foamex, which is no longer possible because of the stay. The need for discovery has not been recognized as an "unusual circumstance." Indeed, if the alleged need for discovery was sufficient to justify extending the stay to non-bankrupt parties, courts would need to extend the stay in most multi-party actions, which is contrary to the limited nature of the "unusual circumstances" exception. Moreover, the "unusual circumstances" exception is geared toward protecting *the debtor* during the pendency of the debtor's bankruptcy proceeding, either by preventing lawsuits against third parties where the debtor is the real party in interest or by allowing certain individuals to focus their attention and time on the debtor's reorganization. Staying an action because of routine discovery needs aids the non-bankrupt co-defendants, not the debtor, and therefore falls outside the scope of the unusual circumstances exception. For these reasons, Fidelity's discovery argument is not persuasive.

An appropriate order follows.

---

Overall, because Fidelity merely hints at—but does not discuss or provide support for—this argument, the court declines to extend the stay solely on this undeveloped basis.

11