**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM STANFORD, Individually and on Behalf of All Other Similarly Situated Persons and on Behalf of the Foamex L.P. Savings Plan,<br><br>  Plaintiff,<br><br>v.<br><br>FOAMEX L.P., FIDELITY MANAGEMENT TRUST CO., K. DOUGLAS RALPH, STEPHEN DRAP, GREGORY J. CHRISTIAN, and GEORGE L. KARPINSKI,<br><br>  Defendants | CIVIL ACTION<br><br>NO. 2:07-cv-4225<br><br>WILLIAM H. YOHN, JR. |

**ANSWER & DEFENSES OF DEFENDANT FIDELITY MANAGEMENT TRUST COMPANY TO THE THIRD AMENDED COMPLAINT AND COUNTERCLAIM SEEKING REFORMATION OF PLAN DOCUMENTS**

Defendant Fidelity Management Trust Company ("Fidelity Trust") hereby submits its Answer, Defenses and Counterclaim ("Answer") in response to plaintiff's Third Amended Complaint ("the Complaint"). Because the Complaint contains numerous assumptions and argumentative assertions, each and every allegation of the Complaint (including each and every assumption implicit therein) is hereby denied, except to the extent expressly admitted below.

**ANSWER**

In response to the specific allegations of the Complaint, Fidelity Trust avers as follows:

1. Denied. Paragraph 1 consists of conclusions of law to which no response is required, and is therefore denied.

2. Denied. Paragraph 2 consists of conclusions of law to which no response is required, and is therefore denied, except to admit that plaintiff's claims are governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 *et seq*.

3. Admitted.

4. Denied, except to admit that plaintiff was a participant in the Foamex L.P. Savings Plan ("Plan"); and that the Complaint names various defendants, including Fidelity Trust.

5. Denied as stated, insofar as the Complaint speaks for itself, and therefore Fidelity Trust denies plaintiff's characterizations thereof.

6. Denied in part, except to admit that the Plan is governed by ERISA, and is an "eligible individual account plan" within the meaning of ERISA §407(d)(3).

7. Denied. Paragraph 7 consists in part of conclusions of law to which no response is required, and is therefore denied. Insofar as paragraph 7 references Plan documents, Fidelity Trust denies the allegations of paragraph 7 to the extent they are incomplete and/or inconsistent with the Plan documents taken as a whole.

8. Denied. Paragraph 8 appears to set forth the referenced Plan provisions with substantial accuracy, but Fidelity Trust denies the allegations of paragraph 8 to the extent plaintiff's characterization of the Plan is incomplete and/or inconsistent with the Plan documents taken as a whole.

9. Denied as stated. Fidelity Trust admits in general terms that Plan participants were permitted to direct investment of Plan assets allocated to their individual accounts into the Foamex Stock Fund (a/k/a the "Foamex Common Stock Fund" or "Fund"), but denies the allegations of paragraph 9 to the extent they are incomplete and/or inconsistent with the Plan documents taken as a whole.

10. Denied as stated. Fidelity Trust denies the allegations of paragraph 10 for lack of sufficient information, except to admit that plaintiff is a participant in the Plan, and has a last-known address in Mesquite, Texas. Paragraph 10 also sets forth one or more legal conclusions to which no response is required, and which are therefore denied.

11. Denied as stated. Fidelity Trust denies the allegations of paragraph 11 for lack of sufficient information, except to admit that Foamex is the Plan's sponsor; that the Foamex L.P. Benefits Committee ("Committee") is a named fiduciary of the Plan; and that Fidelity Trust served as the Plan's directed trustee in accordance with ERISA §403(a). Paragraph 11 also sets forth one or more legal conclusions to which no response is required, and which are therefore denied.

12. Denied. Fidelity Trust lacks sufficient information to admit or deny the allegations of paragraph 12, which are therefore denied.

13. Denied. Fidelity Trust lacks sufficient information to admit or deny the allegations of paragraph 13, which are therefore denied.

14. Denied. Fidelity Trust lacks sufficient information to admit or deny the allegations of paragraph 14, which are therefore denied.

15. Denied as stated. Fidelity Trust lacks sufficient information to admit or deny the allegations of paragraph 15, which are therefore denied.

16. Insofar as paragraph 16 references Plan documents, Fidelity Trust denies the allegations of paragraph 16 to the extent plaintiffs' characterization of the Plan is incomplete and/or inconsistent with the Plan documents taken as a whole, except to admit that the Committee is a named fiduciary of the Plan. Paragraph 16 also consists of conclusions of law to which no response is required, and is therefore denied.

17. Denied as stated, except to admit that Fidelity Trust is a Massachusetts chartered trust company; that Fidelity Trust served as the directed trustee of the Plan during the 2005-06 time period referenced in the Complaint; that the individuals identified in Paragraph 17 were at all material times authorized to issue directions to Fidelity Trust on behalf of the Committee; and that Fidelity Trust was compensated for the services it provided. Paragraph 17 also consists of conclusions of law to which no response is required, and is therefore denied. Fidelity Trust denies the allegations of paragraph 17 to the extent plaintiff's characterization of the Plan is incomplete and/or inconsistent with the Plan documents taken as a whole.

18. Denied. Paragraph 18 consists of conclusions of law to which no response is required, and is therefore denied.

19. Denied, except to admit that this Court has jurisdiction over the subject matter of this action pursuant to ERISA.

20. Denied, except to admit that this Court has personal jurisdiction over Fidelity Trust.

21. Denied as stated, except to admit that this District is a proper venue for this action.

22. Denied. Paragraph 22 consists of conclusions of law to which no response is required, and is therefore denied.

23. Denied. Paragraph 23 consists of conclusions of law to which no response is required, and is therefore denied, except to admit that plaintiff was a participant in the Plan.

24. Denied. Paragraph 24 consists of conclusions of law to which no response is required, and is therefore denied.

25. Denied. Paragraph 25 consists of conclusions of law to which no response is required, and is therefore denied.

26. Denied. Paragraph 26 consists of conclusions of law to which no response is required, and is therefore denied.

27. Denied. Paragraph 27 consists of conclusions of law to which no response is required, and is therefore denied.

28. Denied. Paragraph 28 consists of conclusions of law to which no response is required, and is therefore denied.

29. Admitted in part, denied in part. Fidelity Trust admits that the Fund was an investment option in the Plan prior to December 2006.

30. Denied as stated. Insofar as paragraph 30 sets forth a characterization of the Plan documents, the allegations of paragraph 30 are denied to the extent they are incomplete and/or inconsistent with the Plan documents taken as a whole.

31. Denied as stated. Insofar as paragraph 31 sets forth a characterization of the Plan documents, the allegations of paragraph 31 are denied to the extent they are incomplete and/or inconsistent with the Plan documents taken as a whole.

32. Denied. Paragraph 32 consists of conclusions of law to which no response is required, and is therefore denied. Insofar as paragraph 32 sets forth a characterization of the Plan documents, the allegations of paragraph 32 are denied to the extent they are incomplete and/or inconsistent with the Plan documents taken as a whole.

33. Denied as stated, except to admit that the performance of the Fund was affected by the performance of Foamex International Inc. common stock, and the extent of that impact varied over time.

34. Denied as stated, except to admit that the performance of the Fund was affected by the performance of Foamex International Inc. common stock, and the extent of that impact varied over time.

35. Denied.  To the extent paragraph 35 refers to communications not involving Fidelity Trust, Fidelity Trust denies any implication based on those communications that Fidelity Trust's conduct violated ERISA.

36. Denied.  To the extent paragraph 36 refers to documents and/or communications not involving Fidelity Trust, Fidelity Trust denies any implication based on those communications that Fidelity Trust's conduct violated ERISA.

37. Denied.  To the extent paragraph 37 refers to communications not involving Fidelity Trust, Fidelity Trust denies any implication based on those communications that Fidelity Trust's conduct violated ERISA.

38. Denied.  Paragraph 38 consists of conclusions of law to which no response is required, and is therefore denied. To the extent paragraph 38 refers to communications not involving Fidelity Trust, Fidelity Trust denies any implication based on those communication that Fidelity Trust's conduct violated ERISA.

39. Denied.  Paragraph 39 consists of conclusions of law to which no response is required, and is therefore denied.  Insofar as paragraph 39 sets forth a characterization of the Plan documents, the allegations of paragraph 39 are also denied to the extent they are incomplete and/or inconsistent with the Plan documents taken as a whole.

40. Denied.  Paragraph 40 consists of conclusions of law to which no response is required, and is therefore denied.  Insofar as paragraph 40 sets forth a characterization of the Plan

documents, the allegations of paragraph 40 are denied to the extent they are incomplete and/or inconsistent with the Plan documents taken as a whole.

41. Denied. Paragraph 41 consists of conclusions of law to which no response is required, and is therefore denied. Insofar as paragraph 41 sets forth a characterization of the Plan documents, the allegations of paragraph 41 are denied to the extent they are incomplete and/or inconsistent with the Plan documents taken as a whole.

42. Denied in part; admitted in part. Paragraph 42 consists of conclusions of law to which no response is required, and is therefore denied. Fidelity Trust admits that it served as directed trustee to the Plan; that it executed directions in accordance with the duties imposed by ERISA and the Plan documents; that stock purchases were made in the Fund in February 2006; and that the Fund was comprised of approximately 50% stock and 50% cash at the end of February 2006.

43. Denied. Paragraph 43 consists of conclusions of law to which no response is required, and is therefore denied.

44. Denied.

45. Paragraph 45 incorporates prior allegations by reference, and sets forth no additional factual allegations regarding Fidelity Trust. Accordingly, Fidelity Trust incorporates herein its prior responses to the corresponding allegations.

46. Denied. Paragraph 46 consists of conclusions of law to which no response is required, and is therefore denied.

47. Admitted in part, denied in part. Paragraph 47 appears to set forth the referenced provisions of ERISA with substantial accuracy, but Fidelity Trust denies any implication that its conduct violated ERISA.

48. Admitted in part, denied in part. Paragraph 48 appears to set forth the referenced provisions of ERISA with substantial accuracy, but Fidelity Trust denies any implication that its conduct violated ERISA.

49. Denied. Paragraph 49 consists of conclusions of law to which no response is required, and is therefore denied. Insofar as paragraph 49 also sets forth a characterization of the Plan documents, the allegations of paragraph 49 are denied to the extent they are incomplete and/or inconsistent with the Plan documents taken as a whole.

50. Denied. Paragraph 50 consists of conclusions of law to which no response is required, and is therefore denied.

51. Denied. Paragraph 51 consists of conclusions of law to which no response is required, and is therefore denied.

52. Denied, except to admit that plaintiff appears to seek some recovery by his complaint. To the extent paragraph 52 sets forth allegations against parties other than Fidelity Trust, Fidelity Trust is not obligated to respond. To the extent that the allegations of paragraph 52 set forth one or more legal conclusions, no response is required of Fidelity Trust.

53. Paragraph 53 incorporates prior allegations by reference, and sets forth no additional factual allegations regarding Fidelity Trust. Accordingly, Fidelity Trust incorporates herein its prior responses to the corresponding allegations.

54. To the extent paragraph 54 sets forth allegations against parties other than Fidelity Trust, Fidelity Trust is not obligated to respond. The allegations of paragraph 54 also set forth one or more legal conclusions, to which no response is required of Fidelity Trust.

55. To the extent paragraph 55 sets forth allegations against parties other than Fidelity Trust, Fidelity Trust is not obligated to respond. The allegations of paragraph 55 also set forth one or more legal conclusions, to which no response is required of Fidelity Trust.

56. To the extent paragraph 56 sets forth allegations against parties other than Fidelity Trust, Fidelity Trust is not obligated to respond. The allegations of paragraph 56 also set forth one or more legal conclusions, to which no response is required of Fidelity Trust.

57. To the extent paragraph 57 sets forth allegations against parties other than Fidelity Trust, Fidelity Trust is not obligated to respond. The allegations of paragraph 57 also set forth one or more legal conclusions, to which no response is required of Fidelity Trust.

58. To the extent paragraph 58 sets forth allegations against parties other than Fidelity Trust, Fidelity Trust is not obligated to respond. The allegations of paragraph 58 also set forth one or more legal conclusions, to which no response is required of Fidelity Trust.

59. Denied, except to admit that plaintiff appears to seek some recovery by his complaint. To the extent paragraph 59 sets forth allegations against parties other than Fidelity Trust, Fidelity Trust is not obligated to respond. To the extent that the allegations of paragraph 59 set forth one or more legal conclusions, no response is required of Fidelity Trust.

60. Paragraph 60 incorporates prior allegations by reference, and sets forth no additional factual allegations regarding Fidelity Trust. Accordingly, Fidelity Trust incorporates herein its prior responses to the corresponding allegations.

61. To the extent paragraph 61 sets forth allegations against parties other than Fidelity Trust, Fidelity Trust is not obligated to respond. The allegations of paragraph 61 also set forth one or more legal conclusions, to which no response is required of Fidelity Trust.

62. To the extent paragraph 62 sets forth allegations against parties other than Fidelity Trust, Fidelity Trust is not obligated to respond.  The allegations of paragraph 62 also set forth one or more legal conclusions, to which no response is required of Fidelity Trust.

63. Paragraph 63 incorporates prior allegations by reference, and sets forth no additional factual allegations regarding Fidelity Trust.  Accordingly, Fidelity Trust incorporates herein its prior responses to the corresponding allegations.

64. Admitted in part, denied in part.  Paragraph 64 appears to set forth the referenced provisions of ERISA with substantial accuracy, but Fidelity Trust denies any implication that its conduct violated ERISA.

65. Denied.  Fidelity Trust denies that its conduct violated ERISA, and denies plaintiff's characterization of applicable law and the Plan documents.

66. Paragraph 66 incorporates prior allegations by reference, and sets forth no additional factual allegations regarding Fidelity Trust.  Accordingly, Fidelity Trust incorporates herein its prior responses to the corresponding allegations.

67. Denied.  To the extent paragraph 67 sets forth legal conclusions and/or allegations against parties other than Fidelity Trust, Fidelity Trust is not obligated to respond.  Fidelity Trust specifically denies that its conduct violated ERISA.

68. Denied.  To the extent paragraph 68 sets forth legal conclusions and/or allegations against parties other than Fidelity Trust, Fidelity Trust is not obligated to respond.  Fidelity Trust specifically denies that its conduct violated ERISA.

69. Denied.  To the extent paragraph 69 sets forth legal conclusions and/or allegations against parties other than Fidelity Trust, Fidelity Trust is not obligated to respond.  Fidelity Trust specifically denies that its conduct violated ERISA.

70. Denied. To the extent paragraph 70 sets forth legal conclusions and/or allegations against parties other than Fidelity Trust, Fidelity Trust is not obligated to respond. Fidelity Trust specifically denies that its conduct violated ERISA.

71. Denied. To the extent paragraph 71 sets forth legal conclusions and/or allegations against parties other than Fidelity Trust, Fidelity Trust is not obligated to respond. Fidelity Trust specifically denies that its conduct violated ERISA.

72. Denied, except to admit that plaintiff appears to seek some recovery by his complaint. To the extent that Paragraph 72 consists of conclusions of law, no response is required of Fidelity Trust.

73. Paragraph 73 incorporates prior allegations by reference, and sets forth no additional factual allegations regarding Fidelity Trust. Accordingly, Fidelity Trust incorporates herein its prior responses to the corresponding allegations.

74. Denied. Paragraph 74 consists of conclusions of law to which no response is required, and is therefore denied.

75. Admitted in part, denied in part. Paragraph 75 appears to set forth the referenced provisions of ERISA with substantial accuracy, but Fidelity Trust denies any implication that its conduct violated ERISA.

76. Denied. Paragraph 76 consists of conclusions of law to which no response is required, and is therefore denied.

77. Denied, except to admit that plaintiff appears to seek some recovery by his complaint. To the extent that Paragraph 77 consists of conclusions of law, no response is required of Fidelity Trust.

WHEREFORE, having fully answered the Complaint, Fidelity Trust prays that the Court enter judgment in favor of Fidelity Trust; dismiss the Complaint against Fidelity Trust with prejudice; award Fidelity Trust and its counsel reasonable attorneys' fees, costs, and expenses of litigation; and award Fidelity Trust such other relief as the Court deems appropriate.

## ADDITIONAL DEFENSES

In further response to the Complaint, Fidelity Trust avers as follows:

### First Defense

Plaintiff fails to state a claim against Fidelity Trust upon which relief may be granted.

### Second Defense

Plaintiff's claims are barred by estoppel, waiver, acquiescence and/or ratification.

### Third Defense

Any losses alleged by the plaintiff were not caused by any alleged breach of fiduciary duty on the part of Fidelity Trust, but resulted from economic causes and events not related to any alleged breaches of fiduciary duty.

### Fourth Defense

Any alleged injury and damages suffered by plaintiff was not caused by, or a result of, any fault, act, or omission by Fidelity Trust, but was caused by circumstances, persons, or entities, including plaintiff, for which Fidelity Trust is not responsible, and for which Fidelity Trust cannot be held liable.

### Fifth Defense

Fidelity Trust was not a fiduciary under §3(21) of ERISA, 29 U.S.C. §1002(21), with respect to the complained-of conduct.

### Sixth Defense

The alleged acts, errors and/or omissions of Fidelity Trust at issue in the Complaint were not made in a fiduciary capacity.

**Seventh Defense**

Plaintiff's claims are barred, in whole or in part, because Fidelity Trust is a directed trustee and complied with ERISA § 403(a)(1), 29 U.S.C. §1103(a)(1).

**Eighth Defense**

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff exercised independent control over his Plan account, pursuant to ERISA § 404(c), 29 U.S.C. §1104(c).

**Ninth Defense**

Plaintiff's claims seek relief not authorized by the provisions of ERISA. Plaintiff is limited to only those legal remedies authorized by ERISA, and therefore may not recover relief not authorized by the statute.

**Tenth Defense**

Some or all of plaintiff's claims are barred by the Foamex bankruptcy proceedings initiated in September 2005 ("the first Foamex bankruptcy") and/or by the reorganization plan approve in the first Foamex bankruptcy and/or by operation of the discharge obtained by Foamex in the first Foamex bankruptcy.

**Eleventh Defense**

Plaintiff's claims for losses and legal relief are barred, in whole or in part, because the alleged losses and damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of the alleged losses and damages.

**Twelfth Defense**

Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to exercise due care or due diligence and/or failure to act reasonably to protect himself from, or to mitigate, any alleged losses.

### Thirteenth Defense

Defendant Foamex L.P. ("Foamex") filed a petition for reorganization under Chapter 11 of the Bankruptcy Code on February 18, 2009 ("the second Foamex bankruptcy"), making this action subject to the automatic stay contained in Section 362 of the Bankruptcy Code. This claim cannot be completely and properly adjudicated in the absence of Foamex, which is a necessary and/or indispensable party.

### Fourteenth Defense

Because the Complaint asserts claims against Foamex, the Complaint was filed in violation of the automatic bankruptcy stay effectuated by the second Foamex bankruptcy, and is therefore null and void.

### COUNTERCLAIM

In further answer to the Complaint, Fidelity Trust assumes the role of counterclaim-plaintiff against William A. Stanford and avers as follows:

1. The allegations of the foregoing Answer & Defenses are incorporated by reference herein, as if set forth *in extenso*. Fidelity Trust further reserves all rights in the above and foregoing Answer & Defenses; nothing in this Counterclaim is intended to waive any defense, nor should the Counterclaim be deemed an admission as to any claim or allegation by Plaintiff against Fidelity Trust.

2. On June 26, 2009, the Committee and individual defendants K. Douglas Ralph and Stephen Drap filed a brief in opposition to plaintiff's motion for class certification. As set forth

in that brief, the September 2005 amendment to the Plan ("the Amendment") contained a "scrivener's error" to whatever extent the Amendment precluded transactions in the Fund, which is denied.

3. The Plan documents, taken as a whole, do not support Plaintiff's claims. However, to any extent that Plaintiff's claims find any support in the Amendment, Fidelity Trust asserts that the corresponding language of the Amendment was drafted in error.

4. Upon information and belief, neither Plaintiff nor any participant relied contemporaneously on the erroneous language in the Amendment. In fact, the erroneous language of the Amendment was directly contradicted by numerous communications to participants made by (or on behalf of) Foamex and/or the Committee and/or the individual members of the Committee, and upon information and belief, was also contradicted by various public filings of Foamex.

5. Nevertheless, Plaintiff seeks to impute liability to Fidelity Trust based on the Amendment, which the Foamex defendants have affirmatively identified as a "scrivener's error."

6. To the extent Plaintiff's claims against Fidelity Trust have any merit, Fidelity Trust is entitled to reformation of the terms of the Amendment to comply with its intended purpose – namely, to foreclose new or additional investment in the Fund, while permitting participants to re-direct their existing investments from the Fund to another investment option, or to withdraw from the Fund altogether.

7. In the alternative, Fidelity Trust is entitled to declaratory relief pursuant to 28 U.S.C. §2201 *et seq.*, adjudging the portions of the Amendment upon which Plaintiff relies (*i.e.*, to impute liability to Fidelity Trust) to have been drafted in error.

8. Fidelity Trust is entitled to recover attorneys' fees from Plaintiff, pursuant ERISA §502(g), 29 U.S.C. §1132(g).

WHEREFORE, having fully answered the Complaint, Fidelity Trust prays that the Court enter judgment in favor of Fidelity Trust, dismissing all claims against Fidelity Trust with prejudice; rendering judgment (as appropriate) in Fidelity Trust's favor on its Counterclaim, awarding Fidelity Trust and its counsel attorneys' fees and litigation expenses; and awarding Fidelity Trust such other relief as the Court deems appropriate.

Dated:  August 13, 2009

Respectfully submitted,

/s/ Marshall J. Walthew_____
Marshall J. Walthew (PA I.D. 55329)
Sara B. Richman (PA I.D. 200729)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
Telephone:  (215) 981-4224
Facsimile:  (215) 981-4750

—and—

Howard Shapiro
Charles F. Seemann III
PROSKAUER ROSE LLP
650 Poydras Street, Suite 1800
New Orleans, Louisiana 70130
Telephone:  (504) 310-4088
Facsimile:  (504) 310-2022

Amy Covert (PA Bar No. 77186)
PROSKAUER ROSE LLP
One Newark Center
Newark, NJ  07102-5211
Telephone:  (973) 274-3200
Facsimile:  (973) 274-3299

Counsel for Fidelity Management Trust Co.

**CERTIFICATE OF SERVICE**

I, Marshall Walthew, hereby certify that on August 13, 2009, a true and correct copy of the foregoing Answer and Counterclaim of Defendant Fidelity Management Trust Company was served via Electronic Case Filing upon the following:

Kent Cprek, Esquire
JENNINGS SIGMOND
510 Walnut Street
Suite 1600
Philadelphia, PA 19106
Usdc-edpa-erisa@jslex.com

Richard E. Spoonemore, Esquire
SIRIANNI YOUTZ MEIER & SPOONEMORE
719 2nd Avenue
1100 Millennium Tower
Seattle, WA 98104
rspoonemore@sylaw.com

Charles H. Thulin, Esquire
EKMAN BOHRER & THULIN
220 W. Mercer Street
Suite 400
Seattle, WA 98119
c.thulin@ekmanbohrer.com

*Counsel for Plaintiffs*

Rosemary J. Bruno, Esquire
BUCHANAN INGERSOLL & ROONEY PC
550 Broad Street, Suite 810
Newark, NJ  07102
rosemary.bruno@bipc.com

Brian Casal, Esquire
BUCHANAN INGERSOLL & ROONEY PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103-2985
brian.casal@bipc.com

*Counsel for Defendants Foamex L.P. and Foamex LP Benefits Committee*

/s/ Marshall Walthew