IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM STANFORD, JR., Individually and on Behalf of All Other Similarly Situated Persons and on Behalf of the Foamex L.P. Savings Plan,<br><br>Plaintiff,<br><br>v.<br><br>FOAMEX L.P., FIDELITY MANAGEMENT TRUST CO., K. DOUGLAS RALPH, STEPHEN DRAP, GREGORY J. CHRISTIAN, and GEORGE L. KARPINSKI,<br><br>Defendants. | No. 07-CV-04225<br><br>William H. Yohn, Jr. |

ORDER
(1) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT;
(2) APPROVING AND DIRECTING NOTICE TO CLASS MEMBERS; AND
(3) <u>SCHEDULING A FINAL SETTLEMENT APPROVAL HEARING</u>

AND NOW, this 3rd day of April, 2012, upon consideration of the *Motion for Preliminary Approval of Settlement Agreement, Authorization of Notice to Class and Scheduling of Final Settlement Approval Hearing* ("Motion for Preliminary Approval"), it is hereby **ORDERED** as follows:

1. Based upon the record before it, the Court finds, pursuant to Federal Rule of Civil Procedure 23(e), that enough information has been presented to it to conclude that there are no obvious deficiencies and to approve the proposed Settlement Agreement and Allocation Plan attached as *Appendix 1* and *Appendix 2* to the Motion for Preliminary Approval preliminarily for the sole purpose of notifying the Class Members of the proposed settlement and proceeding with the Fairness hearing. This is not a finding that the Settlement is fair, reasonable and adequate, and the Court

will make that determination after the Fairness hearing. It is only a finding that enough information has been submitted to enable the process to go forward.

2. The Court finds that the proposed Notice of Settlement, attached as *Appendix 3* to the Motion for Preliminary Approval, meets the requirement of FRCP 23 and the applicable law to inform Class Members of the terms of the settlement and sufficiently explains how they might file objections or participate in the Settlement Approval hearing. The Court directs Class Counsel to mail, by United States first-class mail, the Notice of Settlement to all Class Members. The form of notice attached as *Appendix 3* to the Motion for Preliminary Approval is approved for such notice.

3. Class counsel shall immediately commence its mailing of notices to Class Members, which must be completed within seven days of entry of this Order. The mailing must include a copy of the proposed Settlement Agreement and Allocation Plan. The Court concludes that direct mail notice to Class Members is the best notice practicable under the circumstances. If any mailing is returned, Class counsel shall attempt to locate a current address for Class Member through reasonable sources and methods.

4. A hearing to consider whether the proposed Settlement Agreement and Allocation Plan is fair, reasonable and adequate and should be finally approved is scheduled for July 17, 2012 at 1:30 p.m. in Courtroom 14-B, U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106.

5. Class Counsel will file a separate motion for attorneys' fees, costs, expenses and case contribution award by no later than May 24, 2012. Copies of this motion shall be promptly provided to any Class Member who objects to the settlement, as well as to any Class Member who requests a copy of such motion.

6. Class Members who wish to comment on or object to the proposed Settlement Agreement and/or Allocation Plan (or the amount of attorneys' fees, costs,

expenses and/or case contribution award requested) must submit written comments and/or objections to the Court no later than June 26, 2012.

7. Class Members who wish to appear at the final settlement hearing may do so if they submit written notice to the Court, with copies to counsel, that they intend to appear in person or through counsel. If a Class Member wishes to appear in person or through counsel at the hearing, he or she must also describe the nature of their comment or objection in their written notice of intent to appear. Written notice of intent to appear must be filed with the Court and mailed to counsel by June 26, 2012.

8. A Motion for Final Approval of the Settlement Agreement, together with any supporting declarations or other documentation, must be filed by no later than July 13, 2012. Class counsel shall also mail the Motion to all Class Members who object or file written notice with the Court that they intend to appear at the final settlement hearing.

9. Any reply brief concerning Class Counsel's motion for attorneys' fees, costs, expenses and case contribution award shall be filed by July 10, 2012. Copies of this brief shall be promptly provided to any Class Member who objected to the settlement, as well as to any class member who requests a copy of such motion.

IT IS SO ORDERED.

DATE: 4/3/12

BY THE COURT

_____
WILLIAM H. YOHN, JR., JUDGE

<u>UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA</u>

CAUSE No. 07-CV4225

**You are a Class member in a lawsuit pending in the United States Federal District Court for the Eastern District of Pennsylvania.**

**This legal notice, authorized by the Court, notifies you of a proposed settlement.**

**The Settlement affects your legal rights.**

**Please read this notice carefully.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

- William Stanford sued Foamex L.P, K. Douglas Ralph, Stephen Drap, Gregory J. Christian, George L. Karpinski, and Fidelity Management Trust Co. Mr. Stanford, who was a participant in the Foamex Stock Fund, alleges that the Defendants failed to maintain the investments in the Foamex Stock Fund in compliance with the terms of the Foamex L.P Savings Plan

- Mr. Stanford's lawsuit is a class action. This notice tells you about the terms of a proposed settlement of the class action, and the rights of the members of the Class. Your legal rights are affected.

- The Class and the Defendants have reached a proposed $3,600,000 settlement in this case, subject to approval by the Court. This notice includes a copy of the proposed settlement agreement, and summarizes its terms.

- The Court has granted preliminary approval of the Settlement Agreement for the sole purpose of notifying Class Members of the proposed Settlement and scheduling a hearing to determine whether the Settlement is fair, adequate and reasonable.

- The Court has scheduled a hearing on whether the proposed Settlement is fair, adequate and reasonable and, if so, to finally approve the Settlement. The hearing is scheduled for July 17, 2012 at 1:30 p.m. in Courtroom 14-B, U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106.

| YOUR LEGAL RIGHTS AND OPTIONS ||
|---|---|
| **YOU MAY COMMENT ON THE PROPOSED SETTLEMENT AGREEMENT** | You have the right to comment on the proposed Settlement Agreement. |
| | You may object to any aspect of the proposed Settlement Agreement. |
| | You may also support the proposed Settlement Agreement. |
| | The Court will decide whether to approve or reject the proposed Settlement Agreement at a hearing to be held on July 17, 2012 at 1:30 p.m. in Courtroom 14-B, U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106. |
| | You may submit written objections or comments for the Court to consider by June 26, 2012. This notice explains how and where you can submit these written objections or comments. |
| **YOU MAY DO NOTHING** | You do not need to take any action to receive the benefits from the settlement. |
| | If the settlement is approved by the Court, then your *pro rata* share of the settlement will automatically be deposited into your Foamex L.P. Savings Plan account. |

## 1. Why did I get this notice?

Plan records indicate that you were invested in the Foamex Stock Fund within the Foamex L.P. Savings Plan on September 22, 2005. A notice informing you that you were a class member was previously sent in November of 2009. The Class is defined as follows:

> ***All individuals invested in the Foamex Stock Fund on September 22, 2005*** (except individuals who were members of the Foamex Benefits Committee at any time between September 22, 2005, and December 31, 2006, the members of their immediate families, and their heirs, successors or assigns).

This notice explains that the Court is considering whether to approve a settlement of the case, and gives you the opportunity to support, object or otherwise comment on the settlement. You, however, are not required to do so.

The case is known as *Stanford v. Foamex L.P., et al*, U.S. District Court for the Eastern District of Pennsylvania, Case No. 2:07-cv-04225.

## 2. What does the proposed Settlement Agreement provide?

A copy of the proposed Settlement Agreement is enclosed with this notice. It will govern the settlement, if approved by the Court. The key provisions are summarized below as follows:

- **Settlement Payment of $3,600,000**

The settlement provides $3,600,000 in funds which will be distributed to class members under a Plan of Allocation after the payment of court-approved attorney fees, costs, expenses, case contribution award.

- **Plan of Allocation**

Pursuant to the proposed Settlement Agreement, Section 7, distributions to class members will be made under an allocation plan which is enclosed with this notice. If the settlement is approved, your *pro rata* share of the money will be deposited into your account in the Foamex L.P. Savings Plan in order to preserve the tax advantages of your investment. Included with this notice is an estimate of your share of the settlement.

- **Attorney Fees, Costs and Expenses**

Under the proposed settlement, attorneys' fees, costs and expenses shall be paid out of the settlement funds in an amount to be determined by the Court.

Class counsel is asking to be paid $1,200,000 in attorneys' fees and approximately $180,000 in litigation costs. Any attorney fees, costs, and expenses must be approved by the Court. Class counsel will file a motion with the Court for approval of its request for fees, costs and expenses. You may request that a copy of the request be provided to you when it is filed with the Court.

- **Case Contribution Award**

Named plaintiff William Stanford will also request a case contribution payment in the sum of $20,000 out of the Settlement fund to represent the time, effort, and risk he undertook in pursuing these class claims. The award will only be paid if approved by the Court.

- **Release**

The Agreement provides for a full release of the defendants from all obligations and liability arising out of claims by the Class, to the extent that such claims were or could have been asserted against them in the lawsuit.

- **Agreement Will Bind All Class Members**

The Agreement, if approved by the Court, will bind all class members to the judgment. The remedies to the Class members will be determined by the Agreement, and Class members will not be permitted to bring separate lawsuits on their own over the conduct challenged in this case. Class members are not permitted to opt-out of the settlement, whether they object or not.

- **Review by Independent Fiduciary**

The Agreement also provides for review by an independent fiduciary retained by the Plan to assess whether settlement is in the best interests of the Plan participants and beneficiaries.

## 3. How may I respond to the proposed Settlement Agreement?

If you wish to object to, comment on, or support the Settlement Agreement or the request for payment of attorneys fees, costs, expenses or case contribution awards, you must submit your written comments by June 26, 2012 to:

>Attn: The Clerk of the Court
>Re: *Stanford v. Foamex L.P. et al*, Civil Action No. 07-cv-04225
>UNITED STATES DISTRICT COURT
>EASTERN DISTRICT OF PENNSYLVANIA
>United States Courthouse
>601 Market Street, Room 14613
>Philadelphia, PA  19106-1731

You must also send copies to:

>Richard E. Spoonemore, Class Counsel
>SIRIANNI YOUTZ SPOONEMORE
>999 Third Avenue, Suite 3650
>Seattle, WA  98104

>Rosemary J. Bruno, Foamex Defendants' Counsel
>BUCHANAN INGERSOLL & ROONEY PC
>550 Broad Street, Suite 810
>Newark, NJ  07102

>Charles F. Seemann III, Fidelity's Counsel
>PROSKAUER ROSE LLP
>650 Poydras Street, Suite 1800
>New Orleans, LA  70130

You or your own lawyer may attend the Settlement Approval Hearing at your own expense. You are not required to attend the hearing.

## 4. What was this case about?

In this lawsuit, Plaintiffs (William Stanford and Class members) alleged that Defendants breached their fiduciary duties under ERISA, the federal law that governs how employee pension benefit plans, like the Foamex L.P. Savings Plan, are maintained.

Under the terms of the Foamex L.P. Savings Plan, the Foamex Stock Fund was defined as "a non-diversified stock fund that invests solely in Employer [Foamex International, Inc.] Stock." The Trust Agreement between Foamex L.P. and Fidelity directed that "Investments in the Stock Fund shall consist primarily of shares of [Foamex International, Inc.] Stock." Cash or short-term liquid investments could be held "[i]n order to satisfy daily participant exchange or withdrawal requests for transfers and payments."

Commencing in late 2005, Foamex LP began to experience financial problems. Effective July 15, 2005, new investments into the Foamex Stock Fund were not permitted. After Foamex, LP filed for bankruptcy in September 2005, the cash balance in the Foamex Stock Fund was increased on several occasions. By the end of January 2006, the Foamex Stock Fund held no shares of Foamex Stock. Commencing in February 2006, the Plan repurchased shares of Foamex Stock such that the Foamex Stock Fund held approximately 50% of its assets in Foamex Stock until the Fund was closed on December 22, 2006.

Based on these facts, Plaintiffs allege that Defendants caused and permitted the Foamex Stock Fund to be liquidated of all Foamex Stock, in violation of the terms of the Foamex L.P. Savings Plan documents. Plaintiffs further allege that the failure to be fully invested in Foamex Stock from September 22, 2005 to December 22, 2006 resulted in losses to the Plan and its participants.

Experts retained by the Class calculated that the Plan would have earned $3,215,408.3 more than what was actually earned as a result of the actions challenged in the case.

## 5. What has occurred in the case to date?

Mr. Stanford originally filed his case on in 2007. The Defendants asked the Court to dismiss all the claims. On August 20, 2008, the Court dismissed two of Plaintiff's counts, but allowed six other counts to proceed. Mr. Stanford then moved for the right to maintain the action as a class action. On September 24, 2009, the Court certified the case as a class action, with Mr. Stanford as the class representative.

After extensive discovery, Fidelity filed a motion for summary judgment as to all claims against it. Plaintiff filed a cross-motion for partial summary judgment as to the liability of Fidelity under count IV and filed a motion for partial summary judgment as to the liability of Foamex and Christian under counts I and III. The Foamex Defendants filed a cross-motion for summary judgment as to all claims against them.

On September 30, 2001, the court entered an order denying the motions for summary judgment brought by Fidelity and plaintiff, granting the Foamex defendants' motion for summary judgment as to the claims in court I against Messrs. Ralph, Drap and Karpinski, but denying their motion as to all remaining claims. In its decision, the court concluded that:

> [T]he undisputed evidence shows that Foamex lacked the authority to make those [cash] adjustments or to liquidate the fund. The undisputed evidence also demonstrates that it was Christian, acting on behalf of Foamex, who made the decisions at issue here. Plaintiff has thus satisfied his burden of demonstrating that Foamex and Christian breached their duty to act in accordance with the Plan documents, and no reasonable fact-finder could disagree on the basis of the evidence submitted thus far.

*Stanford v. Foamex, L.P.*, __ F. Supp.2d __, 2011 WL 4528365, *18 (E.D. Pa. 2011). The court concluded, however, that there were disputes of fact which required a trial to determine whether the breaches of duty caused a loss to the Plan, and if so, the amount of that loss. *Id.*, p. *20.

With respect to Fidelity, the Court concluded that "[t]here is thus a genuine question as to whether Fidelity could have reasonably believed that it was following the direction of the Benefits Committee, the only entity authorized to issue these directions." *Id.*, p. *25. The Court further concluded that issues with respect to causation and damages also required a trial. *Id.*, p. *26.

A trial to adjudicate all these issues was scheduled to commence on February 6, 2012.

On November 28, 2011, the Parties mediated this action before the Hon. Diane M. Welsh (Ret.), a former United States Magistrate Judge, who presently works with JAMS in Philadelphia, Pennsylvania. After engaging in extensive, arms-length negotiations, including exchanging mediation briefs addressing the Parties' respective factual and legal arguments, the Parties agreed to settle their dispute. After protracted negotiations over the precise terms of the long form agreement, the Parties executed the proposed Settlement Agreement in March 2012.

## 6. Is there any money available now?

No money is available now because the Court has not yet decided whether to approve the Settlement Agreement. If the Settlement Agreement is approved, then your *pro rata* share of the net settlement amount will be deposited into your Foamex L.P. Saving Plan account. If the Court does not approve the Settlement Agreement, then the case will return to litigation which may, or may not, result in a recovery.

## 7. Do I have to come to the Final Approval Hearing?

You do not need to attend the final approval hearing. You or your own lawyer are welcome to come at your own expense. If you wish to object to any aspect of the settlement, you may do so at the final hearing provided that you sent in your written objection by June 26, 2012. If you did not file a written objection to the settlement, then you will not be able to make an objection at the hearing.

## 8. Are more details available?

You may speak class counsel Richard Spoonemore by calling (206) 223-0303; or by writing to: Richard Spoonemore, Sirianni Youtz Spoonemore, 999 Third Avenue, Suite 3650, Seattle, WA 98104; or by emailing: FoamexClass@SYLaw.com.

You may request copies of any of the filings in this matter, including the Class's motion for preliminary approval of the Settlement Agreement which details the settlement and explains in more detail the reasons why approval is being requested. You may also request a copy of class counsel's motion for approval of attorney's fees, costs, expenses and a case contribution award once it is filed with the Court.

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA
CAUSE No. 07-CV4225

## Estimate of Recovery Under Proposed Class Action Settlement Agreement

Name of Class Member: _____.

Class Member's Calculated Share of proposed Settlement Fund: _____.

If the settlement is approved and the Court approves Class Counsel's request for attorney fees, costs, expenses, case contribution award, and anticipated costs of administration, then the total settlement fund subject to distribution among class members would be approximately $2,200,000.

Based on this figure, your final payout would be approximately $_____.

While your actual payout may vary depending upon the actual costs of administration and actual award of fees and costs awarded by the court, it is not expected to be materially less than this estimate.