


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM STANFORD, JR., Individually and on Behalf of All Other Similarly Situated Persons and on Behalf of the Foamex L.P. Savings Plan, | No. 07-CV-04225 |
| Plaintiff, | William H. Yohn, Jr. |
| v. | |
| FOAMEX L.P., FIDELITY MANAGEMENT TRUST CO., K. DOUGLAS RALPH, STEPHEN DRAP, GREGORY J. CHRISTIAN, and GEORGE L. KARPINSKI, | |
| Defendants. | |



ORDER:
(1) APPROVING SETTLEMENT AGREEMENT UNDER FRCP 23(e);
(2) AWARDING ATTORNEY FEES, COSTS AND EXPENSES
(3) AWARDING CASE CONTRIBUTION AWARD AND
(4) DIRECTING ENTRY OF FINAL JUDGMENT

AND NOW, this _17_ day of __July__, 2012, upon consideration of the Motion for Final Approval of Settlement Agreement and Motion for Award of Attorney Fees, Costs, Expenses and Case Contribution Award, _and after hearing thereon_, it is hereby ORDERED as follows:

1. The Court finds, pursuant to Federal Rule of Civil Procedure 23(e), that the proposed Settlement Agreement (attached as *Appendix 1* to the Motion for Preliminary Approval) is fair, reasonable and adequate. *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). Under the *Girsh* factors, _findings as set forth on the record_.

2. The Court finds that the Plan of Allocation (attached as *Appendix 2* to the Motion for Preliminary Approval) is fair, reasonable and adequate. Under the Plan of Allocation, each class member's *pro rata* share of the settlement fund was calculated in a fashion designed to fairly and equitably determine that class members

percentage of the settlement due them based on their actual losses. *See Moore v. Comcast Corp.*, 2011 WL 238821, *2 (E.D. Penn. Jan. 24, 2011). No class member objected to the Plan of Allocation.

3. The Court finds that class notice was timely mailed to class members in April of 2012. The Court also finds that reasonable efforts were made to locate class members and to remail notices which were returned as undeliverable. The Court further finds that the Notice of Settlement, which included the Court-approved Notice form, the Plan of Allocation, the Settlement Agreement and a personalized recovery estimate (exemplar notice package attached as *Exhibit B* to the Declaration of Richard E. Spoonemore Re: Final Approval), meets the requirement of FRCP 23, due process and other applicable law. The Notice sufficiently informed Class Members of the terms of the settlement and explained how they might file objections or participate in the Settlement Approval hearing.

4. The Court finds that the Defendants provided notice to the appropriate Federal official, as defined by 28 U.S.C. § 1715(a)(1), and the appropriate state officials, as defined by 28 U.S.C. § 1715(a)(2), setting forth the requisite disclosures within ten days after the proposed Settlement Agreement was filed in this action. *See* 28 U.S.C. § 1715(b). The Court finds that more than 90 days have passed since such notices were served, rendering final approval appropriate under 28 U.S.C. § 1715(d).

5. The Court approves Class counsel's request for attorney fees in the sum of $1,200,000. The Court approves Class counsel's request for costs, expenses, and costs of administration in the sum of $178,652.49. These sums shall be paid out of the common fund created by the Settlement Agreement.

6. The Court approves Class counsel's request for a case contribution award for Mr. Stanford in the sum of $20,000 to represent his contributions to this case. This sum shall be paid out of the common fund created by the Settlement Agreement.

7. The Court directs that Judgment be entered as set forth above.

IT IS SO ORDERED.

DATE: July 17, 2012

BY THE COURT

WILLIAM H. YOHN, JR., JUDGE